**FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION; Wilmington Savings Fund Society, FSB; Star States Pennsylvania Corporation, Plaintiffs,**

**v.**

**Armondo FELICETTI; Louis Scarcia; Louis A. Iatarola, Individually; Louis A. Iatarola, Realty Appraisal Group, Ltd.; and Fidelity and Deposit Company of Maryland, Defendants.**

**Civ. A. No. 93–0643.**

United States District Court,
E.D. Pennsylvania.

June 2, 1993.

---

**84**

See also 148 F.Supp. 532, 813 F.Supp. 332.

Raymond McGarry, Antoinette R. Stone, Thomas L. Van Kirk, Buchanan Ingersoll Professional Corp., Philadelphia, PA, for plaintiffs.

Thomas H. Lee, II, Michael A. Schwartz, Dechert, Price & Rhoads, Anjali Jesseramsing, Robert M. Boote, Ballard, Spahr, Andrews and Ingersoll, Buchanan Ingersoll P.C., Philadelphia, PA, for Armondo Felicetti.

Anjali Jesseramsing, Robert M. Boote, Ballard, Spahr, Andrews and Ingersoll, Alan A. Turner, Philadelphia, PA, for Louis Scarcia.

Roberta D. Liebenberg, H. Robert Fiebach, Donald K. Joseph, Wolf, Block, Schorr & Soliscohen, Philadelphia, PA, for Louis A. Iatarola and Louis A. Iatarola, Realty Appraisal Group, Ltd.

S. Gordon Elkins, Raymond Oechsler, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Fidelity and Deposit Co. of Maryland.

### MEMORANDUM

JOYNER, District Judge.

Presently before the court is the Motion of Defendants Armondo Felicetti and Louis Scarcia for Leave to File Counterclaims pursuant to Federal Rule of Civil Procedure 13. For the reasons which follow, the motion is granted.

As discussed in our previous opinions regarding this case, the material facts indicate that Armondo Felicetti and Louis Scarcia were officers of Fidelity Federal Savings and Loan Association ("FidFed") and Diversified Investment Group, Inc. ("DING"), FidFed's parent corporation. On February 2, 1990, DING and Star States Acquisition Corporation merged into a single corporation, with DING being the surviving corporation. Ding then changed its name to Star States Pennsylvania Corporation ("Star States").

The complaint in this action was filed on January 31, 1992 and amended on March 12, 1992 against the movants Felicetti and Scarcia as well as the other defendants. Messrs. Felicetti and Scarcia, represented by the same counsel at the time, duly filed their answer on April 24, 1992. On March 1, 1993 counsel for Messrs. Felicetti and Scarcia withdrew their appearances and on March 3, 1993 and April 6, 1993 new counsel for Felicetti and Scarcia, respectively, filed their appearances. For a period of forty-five (45) days in the interim the case was subject to a stay which was recently lifted on May 20, 1993. Felicetti and Scarcia now seek leave to file counterclaims against FidFed and Star States for indemnification as to expenses incurred by Felicetti and Scarcia in defending this lawsuit, including attorney's fees, under the bylaws of DING and 15 Pa.C.S.A. § 1743.

Felicetti and Scarcia urge the court to permit them to file counterclaims and contend that this request is not untimely. In support thereof they argue that their discovery requests relating to the merger of DING and Star States and seeking copies of the Bylaws and Agreement of Merger remained unanswered until January 13, 1993. Furthermore, they contend that under the indemnification provisions of the Bylaws, they could not have brought the counterclaims until thirty days after having made a demand on Star States for indemnification along with an undertaking to repay any amounts advanced if it is ultimately determined that they are not entitled to indemnification by Star States. They each made such a demand by letters dated April 5 and April 6, 1993, respectively, and Star States rejected those demands by letter dated May 3, 1993. Thus, Felicetti and Scarcia allege that for purposes of Fed.R.Civ.P. 13(e) their counterclaims did not mature until after they filed their answer.[1] Because we question whether Felicetti and/or Scarcia had knowledge of the indemnification provision of the Bylaws prior to receiving same through the discovery process, we decline to consider whether the supplemental pleading of the counterclaims is proper under Rule 13(e).

However, under Rule 13(f) "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Although the wording of Rule 15(a) relating to amendments of pleadings and Rule 13(f) differ slightly, both rules have been construed to require essentially the same standards of granting leave to amend the pleadings. *Bryant v. Clark*, 1991 WL 212092 (E.D.Pa.1991); *Gregory v. Correction Connection, Inc.*, 1990 WL 178209 (E.D.Pa.1990). Accordingly, "leave shall be freely given when justice so requires." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486 (3d Cir.1990); Fed.R.Civ.P. 15(a). This liberal approach ensures that disputes will be decided on their merits rather than on mere technicalities. *Dole*, 921 F.2d at 487; *Bryant*, 1991 WL 212092 at *1. The phrase in Rule 13(f) "when justice requires" is particularly flexible and allows the court to exercise its discretion and allow the amendment in the interest of justice. *Perfect Plastics Industries, Inc. v. Cars & Concepts, Inc.*, 758 F.Supp. 1080, 1081–82 (W.D.Pa.1991) *quoting* 6 Wright, Miller & Kane, *Federal Practice & Procedure 2d* § 1430. However, a court may deny a request to amend if there has been undue delay by the movant, bad faith on the part of the movant or the opposing party would suffer undue prejudice. *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Dole*, 921 F.2d at 487; *Bryant*, 1991 WL 212092 at * 1; *Gregory*, 1990 WL 178209 at 1. The court must also consider whether the interests of judicial economy will be advanced by the resolution of the proposed claim and the original claims in one proceeding. *Nelson v. Compagnie De Saint–Gobain*, 1991 WL 280848 * 3 (E.D.Pa. 1991).

In this case, the motion for leave to file counterclaims comes a little more than a year after the amended complaint was filed

---

1. Fed.R.Civ.P. 13(e) provides:
   *Counterclaim Maturing or Acquired After Pleading:* A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.

and approximately one month prior to the date discovery is scheduled to close. While the motion comes at a fairly advanced stage in the proceedings, "the mere passage of time between an original filing and an attempted amendment is not a sufficient reason for denial of the motion." *Perfect Plastics,* 758 F.Supp. at 1082 *quoting Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214, 220 (5th Cir.1975). Furthermore, movants recently obtained new counsel who filed this motion within a few months of taking over the respective cases. In light of the movants need to obtain new counsel and the condition precedent that they first make a demand upon Star States for indemnification, we do not consider the movants' delay in seeking leave to file the counterclaim as undue nor do we suspect any bad faith motive underlying this request.

Plaintiffs urge the court to deny the movants' request primarily because the counterclaim will require the taking of additional discovery and will further delay the ultimate trial date. While we recognize that our decision to grant leave to amend the answer may cause such consequences, the interests of judicial economy outweigh any prejudice such consequences may cause to enure to plaintiffs. The parties have failed to indicate and there appears to be no reason why the movants would not be able to bring this claim in a separate proceeding. Thus, additional discovery and ultimate judicial resolution of the merits of the counterclaim appears to be inevitable. Moreover, while the counterclaims may further complicate the issues presented to the jury, bifurcation or instructions to the jury should properly safeguard against undue confusion.

Accordingly, Felicetti and Scarcia are granted leave to file counterclaims and an appropriate order follows.

Felicetti and Scarcia have also filed a motion for expedited consideration of their motions for leave to file counterclaims and for partial summary judgment on Count I of the counterclaims. This decision effectively renders the former request moot and as to the latter, we decline to expedite our consideration of the partial summary judgment motion except to order that plaintiffs must file both their responses to the counterclaims and the motion for partial summary judgment within ten (10) days of the entry date of the order attached to this opinion.

### ORDER

AND NOW, this 2nd day of June, 1993 upon consideration of the Motions of Defendants Armondo Felicetti and Louis Scarcia and Plaintiffs' responses thereto it is hereby ORDERED that:

1. Felicetti and Scarcia's Motion for Leave to File Counterclaims is GRANTED.

2. The Counterclaims as attached to Movants' Motion as Exhibits A and B and Felicetti and Scarcia's Motion for Partial Summary Judgment on Count I of the Counterclaims are deemed filed as of the entry date of this Order.

3. Felicetti and Scarcia's Motion for Expedited Consideration of their Motions for Leave to File Counterclaims and for Partial Summary Judgment on Count I of the Counterclaims is DENIED.

4. Plaintiffs are directed file their responses to Felicetti and Scarcia's Counterclaims and Motion for Partial Summary Judgment within ten (10) days of the entry date of this Order.