Joyce **SCHOFIELD**, Plaintiff,

v.

**TRUSTEES OF the UNIVERSITY OF PENNSYLVANIA, Defendant.**

No. 94–CV–5887.

United States District Court,
E.D. Pennsylvania.

Aug. 3, 1995.

American woman and an employee of the defendant, the University of Pennsylvania ("the University"). On September 27, 1994, Ms. Schofield filed a complaint in this Court, in which she alleged that her supervisor subjected her to racial discrimination and sexual harassment on the job. Ms. Schofield reported these incidents to the University, which investigated and verified her claims, but failed to remedy the situation. As a consequence of these alleged misdeeds, Ms. Schofield seeks relief under the following federal and common law theories of liability: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; (2) the Civil Rights Act of 1866, 42 U.S.C. § 1981; and (3) the tort of intentional infliction of emotional distress.

On July 5, 1995, one month after the close of the discovery phase and one month prior to trial, Ms. Schofield submitted the instant motion, in which she seeks leave to amend her complaint to add claims under both the Pennsylvania Human Relations Act, 43 Pa. Cons.Stat. §§ 951 *et seq.* ("PHRA") and the tort of negligent retention. The University opposes Ms. Schofield's motion, and argues that Ms. Schofield's failure to offer any reasonable explanation as to why she waited until one month prior to trial to submit the instant motion precludes the attempted amendment. Moreover, the University contends the PHRA claim is barred by the applicable limitations period, and therefore futile. Finally, the University claims that it will be severely prejudiced if the negligent retention claim goes forward, because its counsel has not retained an expert to contrast the propriety of its actions with community norms. Upon careful review of the parties' arguments, and for the reasons stated below, we will grant Ms. Schofield's motion.

William H. Ewing, Deborah Weinstein, Connolly Epstein Chicco Foxman Engelmyer & Ewing, Philadelphia, PA, for plaintiff.

Neil J. Hamburg, Hamburg & Golden, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

## I. BACKGROUND

This employment discrimination case is before the Court today on motion of the plaintiff, who seeks leave to amend her complaint. The plaintiff is Joyce Schofield, an African

## II. MOTION FOR LEAVE TO AMEND

The decision to grant or deny a motion for leave to amend a complaint rests within the trial court's discretion. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486 (3d Cir.1990); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir.1984). Pursuant to the Federal Rules, however, the general rule is that "leave shall be freely

given when justice so requires." Fed. R.Civ.P. 15(a). Thus, Rule 15(a) "embodies a liberal approach to amendment," so that issues may be decided on their merits rather than on a technicality. *Dole*, 921 F.2d at 486–87; *see Long v. Lipkins*, 96 F.R.D. 234, 234 (E.D.Pa.1983) (noting that our Rule 15(a) discretion "should be generally exercised in favor of amendment").

■ As our Court of Appeals has noted, however, the policy favoring liberal amendment of the complaint is not unbounded. *Dole*, 921 F.2d at 487. Indeed, the United States Supreme Court has set forth a number of factors which militate against amendment, including " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, etc.' " *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). The Third Circuit has further recognized that delay, by itself, is insufficient grounds on which to deny the motion. Instead, "the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed." *Howze*, 750 F.2d at 1212 (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)); *see Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir.1991) (leave to amend should be granted unless opposing party would be prejudiced). With this standard in mind, we turn now to address the merits of the arguments.

### A. *Negligent Retention Claim*

■ The crux of the University's argument is that the addition of a negligent retention claim would raise, for the first time, the issue of the reasonableness of the actions taken by the University regarding Ms. Schofield's supervisor. Thus, the University argues that it needs to retain an expert in the human resources field to compare the University's conduct with the community standard, and that it cannot do so in time for trial. The Supreme Court of Pennsylvania has adopted the Restatement (Second) of Torts § 317 (1965) to guide the lower courts in their evaluation of negligent retention claims. *Dempsey v. Walso Bureau, Inc.*, 431 Pa. 562, 246 A.2d 418, 421 (1968). Section 317 provides as follows:

A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if

(a) the servant

(i) is upon the premises in possession of the master of upon which the servant is privileged to enter only as his servant, or

(ii) is using the chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

■ The main issue for a court to resolve when confronted with a negligent retention claim, therefore, is not whether the employer's actions were reasonable in light of the circumstances, as the University contends. Instead, the court must determine whether "the employer knew, or in the exercise of ordinary care, should have known of the necessity for exercising control over his employee." *Dempsey*, 246 A.2d at 422. In other words, the inquiry focuses on whether the harm was reasonably foreseeable to the employer. *See Jackson v. Righter*, 891 P.2d 1387, 1392 (Utah 1995) (duty arises when employer could reasonably be expected to appreciate the threat its employee poses to third persons); *Di Cosala v. Kay*, 91 N.J. 159, 450 A.2d 508, 516 (1982) (predicates to negligent retention liability are knowledge of employer and foreseeability of harm).

We therefore conclude that the issue the University asserts will emerge fresh from the amended complaint is not germane to a negligent retention claim. As a result, we find its argument regarding the need for an expert to be without merit. Moreover, we note, and the University does not otherwise contend, that the factual issues to be present-

ed to the Court regarding the Title VII claim are substantially similar to the ones concerning a claim for negligent retention. Thus, no further discovery will be required. As a result, we conclude the University will suffer no prejudice if we grant leave to Ms. Schofield to amend her complaint. Ms. Schofield's motion for leave to add a claim for negligent retention to her complaint will therefore be granted.

### B. *PHRA Claim*

 A discrimination claim brought under the PHRA is governed by the same burden of proof structure as a Title VII claim. *Brennan v. National Tel. Directory Corp.*, 881 F.Supp. 986, 994 n. 5 (E.D.Pa. 1995). Thus, since the evidence relevant to the Title VII claim would also apply to a PHRA claim, it would appear that the University would not be prejudiced unduly if it were compelled to defend a PHRA claim at trial. Nonetheless, the University opposes the addition of the PHRA claim, arguing that such a claim would be futile since the applicable limitations period has expired. *See Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988) (noting that amendment of the complaint is futile if the amended complaint cannot withstand a motion to dismiss).

 Before a plaintiff can properly bring a PHRA claim to this Court, she must exhaust her administrative remedies. *Parsons v. City of Philadelphia Coordinating Office of Drug & Alcohol Abuse Programs*, 833 F.Supp. 1108, 1112 (E.D.Pa.1993). Thus, she must, as an initial matter, file a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the date of the alleged discrimination. 43 P.S. § 959(h) (Supp.1994); *Brennan*, 881 F.Supp. at 997. The evidence submitted indicates that Ms. Schofield filed with the PHRC in early March, 1994. And while the University argues that Ms. Schofield's complaint alludes to discriminatory conduct extending only into July of 1993, the complaint contains allegations regarding the University's failure to take remedial action in November, 1993. For example, in paragraphs 46 and 47 of the complaint, Ms. Schofield alleges

that she complained to a University official who had knowledge of her supervisor's misbehavior in November, and that no corrective steps were taken. Since the PHRA claim would therefore survive a motion to dismiss, we conclude that its addition would not be futile. Accordingly, we will grant Ms. Schofield leave to submit an amended complaint that includes a PHRA claim.

### III. CONCLUSION

For the above-stated reasons, Ms. Schofield's motion will be granted.