**KENNETH SCHUCK TRUCKING, INC., Plaintiff,**

v.

**STRUCTURAL STEEL FABRICATORS, INC., Defendant.**

No. 95–CV–2283.

United States District Court, E.D. Pennsylvania.

Dec. 21, 1995.

Joseph Bambrick, Jr., Christine Manga, Joseph T. Bambrick, Jr. & Assoc., West Reading, PA, for plaintiff.

Robert Glazer, McLaughlin & Glazer, Easton, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

We resolve today Plaintiff's Motion for Leave to Amend Complaint. In its complaint, Plaintiff alleges that Defendant failed to remit payment for trucking services. The complaint identifies 21 unpaid freight bills totalling $6,039.86. Defendant responded with a counterclaim in which it alleged that the invoices were properly attributable to another company. Thus, it argues that the suit is frivolous, and seeks relief in the form of compensatory and punitive damages, costs of suit and attorney's fees.

Plaintiff has since concluded that Defendant is responsible for only two of the unpaid bills, and therefore seeks leave to amend its complaint so as to delete the remaining 19. Defendant opposes the motion on the grounds that it will be deprived of its right to proceed with its counterclaim if the complaint is amended. Defendant has not identified the specific theory on which its counterclaim is based, nor has it cited any authority in support of its contention that its counterclaim will be lost if we allow Plaintiff to amend.

The decision to grant or deny a motion for leave to amend a complaint rests within the trial court's discretion. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486 (3d Cir.1990); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir.1984). Pursuant to the Federal Rules, however, the general rule is that "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Thus, Rule 15(a) "embodies a

liberal approach to amendment." *Dole,* 921 F.2d at 486–87; *see Long v. Lipkins,* 96 F.R.D. 234, 234 (E.D.Pa.1983) (noting that a court's Rule 15(a) discretion "should be generally exercised in favor of amendment"). As our Court of Appeals has noted, however, the policy favoring liberal amendment of the complaint is not unbounded. *Dole,* 921 F.2d at 487. Indeed, the Third Circuit has held that "the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed." *Howze,* 750 F.2d at 1212 (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir.1978)); *see Charpentier v. Godsil,* 937 F.2d 859, 864 (3d Cir.1991) (leave to amend should be granted unless opposing party would be prejudiced).

 Here, as we noted above, Defendant argues that it will be prejudiced if the motion is granted in that it will not be permitted to pursue its counterclaim. We are not so convinced. As we noted above, Defendant has failed to support its conclusory assertion that it cannot obtain relief if Plaintiff is permitted to amend. Moreover, it appears to us that avenues remain open to Defendant by which it can endeavor to secure the relief it seeks. Thus, since we can identify no prejudice that will befall Defendant, we will allow Plaintiff to submit an amended complaint.

### ORDER

AND NOW, this 21st day of December, 1995, upon consideration of Plaintiff's Motion for Leave to Amend Complaint, and the response thereto, it is hereby ORDERED that said Motion is GRANTED. Plaintiff shall file an Amended Complaint within five (5) days of the date of this Order's entry.