## FREEDOM INTERNATIONAL TRUCKS, INC. OF NEW JERSEY, Plaintiff,

v.

## EAGLE ENTERPRISES, INC., Robert Ferro, Sonya Ferro and Patricia Ferro, Defendants.

No. CIV. A. 97–4237.

United States District Court,
E.D. Pennsylvania,

Sept. 15, 1998.

---

M. Frances Ryan, Philadelphia, PA, for Plaintiff.

Justina L. Pederson, Philadelphia, PA, for Defendant.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Presently before the Court is the motion of plaintiff Freedom International Trucks, Inc. ("Freedom") for leave to amend and supplement its complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiff's proposed second amended complaint contains an additional claim (Count VII) against Robert Ferro, Sonya Ferro and Patricia Ferro (the "Ferros") for violation of the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. § 1961 et seq. Based on the following analysis, the motion will be granted.

### I. Legal Standard

The decision whether to grant or deny a motion for leave to amend is within the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). Indeed, in the absence of any apparent reason, "this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Kiser v. General Elec. Corp.,* 831 F.2d 423, 426–27 (3d Cir.1987), *cert. denied sub nom.,* 485 U.S. 906, 108 S.Ct. 1078, 99 L.Ed.2d 238 (1988). Factors that militate against granting leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment...." *Foman,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

### II. Analysis

I conclude that leave to file an amended complaint should be granted because it is not unduly prejudicial to defendants Eagle Enterprises, Inc., ("Eagle"), Robert Ferro, Sonya Ferro and Patricia Ferro (the "Ferros") (collectively the "Defendants"). Nor is there evidence of bad faith

on the part of Freedom to warrant a denial of Freedom's motion to amend. Furthermore, the amendment is not futile because it properly avers facts sufficient to state a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

### A. Undue Delay

 The party seeking leave to amend bears the burden of explaining the reasons for the delay. *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2nd Cir.1990), *cert. denied,* 505 U.S. 1222, 112 S.Ct. 3036, 120 L.Ed.2d 905 (1992). The Defendants argue that the proposed amendment is untimely and, therefore, is prejudicial. However, mere delay is not by itself enough to justify denial of leave to amend. *Kiser,* 831 F.2d at 427. "The delay, to become a legal ground for denying a motion to amend, must result in prejudice to the party opposing the amendment, and it is the opposing party's burden to prove that such prejudice will occur." *Id.* at 427–28. Moreover, a "mere claim of prejudice is not sufficient; there must be some showing that [the defendant] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendments been timely." *Dole v. Arco Chemical Co.,* 921 F.2d 484, 488 (3d Cir.1990) (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands Inc.,* 663 F.2d 419, 426 (3d Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982)). Because I conclude that the Defendants will suffer no undue prejudice as a result of the proposed amendment, I will not deny Freedom's Motion to Amend on the basis of delay.

### B. Bad Faith

 A court may also justify the denial of a motion to amend on grounds of bad faith or dilatory motive. *Foman,* 371 U.S. at 182, 83 S.Ct. 227. As the basis for the Defendants' contention that Freedom's motion to amend is brought in bad faith, the Defendants argue that Freedom is "conjuring up" a federal question claim in "an attempt to keep this controversy in federal court."

(Def.'s Mem at 8). However, amending a complaint to assert a new basis for jurisdiction is not by itself an act of bad faith. *See Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 887 (3d Cir.1992); *Scattergood v. Perelman,* 945 F.2d 618, 626–27 (3d Cir.1991). It follows that amending a complaint to add a claim which may provide an alternative basis for jurisdiction is also not by itself an act of bad faith. *See id.* In this case, there is no basis for the Court to conclude that Freedom acted in bad faith. Therefore, I will not deny Freedom's Motion to Amend on the basis of bad faith.

### C. Futility

 In addition, a court may justify the denial of a motion to amend on the grounds that the amendment would be futile. "Futility" challenges an amendment's legal sufficiency. In assessing futility, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory,* 114 F.3d at 1434. Thus, in deciding whether an amendment is futile, a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.; Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) (standard for motion to dismiss). Similarly, leave to file an amendment should be denied if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (standard for motion to dismiss).

#### 1. Freedom's RICO Claims (Count VII)

 Freedom's proposed second amended complaint avers facts sufficient to state a civil RICO claim. In order to state a civil RICO claim, the complaint must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Additionally, the complaint must allege that the plaintiff's business or property has been injured by the conduct constituting the violation. *Id.*

■ In its amended complaint, Freedom asserts that defendants, Robert Ferro, Sonya Ferro and Patricia Ferro ("the Ferros"), were associated and participated in the affairs of a RICO enterprise and that the enterprise is Eagle Enterprises, Inc. (Second Amended Complaint ¶¶ 72–75, 93, 95). Freedom has also alleged that the enterprise affects interstate commerce (Second Amended Complaint ¶ 74).

■ Furthermore, Freedom has alleged acts of racketeering upon which RICO claims may be based (Second Amended Complaint ¶¶ 76–83). Freedom has alleged at least two predicate acts involving mail fraud, wire fraud, extortion and violations of state law (Second Amended Complaint ¶¶ 31, 76–83). *See* 18 U.S.C. § 1961(5). Although the Defendants challenge the legal sufficiency of each, the Court finds that Freedom has alleged facts, which if taken as true and viewed in the light most favorable to Freedom, are sufficient to survive a motion to dismiss.[1]

■ Freedom has also sufficiently averred that the Ferros' alleged racketeering activities satisfy the requirement of a pattern. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239–43, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Tabas v. Tabas*, 47 F.3d 1280, 1292–93 (3d Cir.); *cert. denied*, 515 U.S. 1118, 115 S.Ct. 2269, 132 L.Ed.2d 275 (1995). The elements of a pattern of racketeering activity are that "the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity." *H.J. Inc.*, 492 U.S. at 239, 109 S.Ct. 2893. Under the first prong, or relatedness requirement, Freedom alleges that the predicate acts are related because they have the same or similar purpose, partici-

pants and victims and are not isolated events (Second Amended Complaint ¶¶ 78, 80–92). *See Tabas*, 47 F.3d at 1292. Under the second prong, or continuity prong, Freedom alleges that the predicate acts are a regular way of conducting defendant's ongoing legitimate business citing, in addition to its dispute, other disputes, similar in nature (Second Amended Complaint ¶¶ 84–92).[2] *See id.* at 1292–93. Finally, Freedom has sufficiently averred that its business has been injured by the Ferros' alleged racketeering (Second Amended Complaint ¶¶ 19, 23–28, 34, 36, 98). *See Malley–Duff & Assoc., Inc. v. Crown Life Ins. Co.*, 792 F.2d 341, 354–55 (3d Cir. 1986). Accordingly, Freedom has averred facts sufficient to state a claim for a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

## III. Conclusion

Based on the foregoing, the motion will be granted. An appropriate Order follows.

### *ORDER*

**AND NOW**, this 15th day of September, 1998, upon consideration of the motion of plaintiff Freedom International Trucks, Inc., of New Jersey, ("Freedom") to amend its complaint to add a claim under the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. § 1961 et seq., against defendants Robert Ferro, Sonya Ferro and Patricia Ferro (Count VII) pursuant to Federal Rule of Civil Procedure 15(a), (Document Nos. 16 & 18) and the response of defendants Eagle Enterprises Inc., Robert Ferro, Sonya Ferro and Patricia Ferro thereto (Document Nos. 17 & 19), and based on the foregoing memorandum, it is hereby

---

1. Note that Federal Rule of Civil Procedure 9(b) "requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985); *Regent Nat'l Bank v. K–C Insurance Premium Finance Co., Inc.*, 1997 WL 137309 at *2– *4 (E.D.Pa. Mar. 21, 1997). Rule 9(b) does not, however, require allegations of date, place or time. *Seville Indus. Mach.*, 742 F.2d at 791.

Here, the allegations adequately describe the nature and subject of the alleged fraudulent misrepresentation, including identifying the trucks at issue, the negotiations and a specific check sent through the mails sufficient to put the Ferros on notice of the precise misconduct with which they are charged.

2. Freedom acknowledges that the alleged racketeering activities do not constitute "closed-ended" continuity but rather that the activities represent "open-ended" continuity. *See Tabas*, 47 F.3d at 1294–96.

accordingly **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall file its second amended complaint against Robert Ferro, Sonya Ferro and Patricia Ferro (the "Ferros") in the form attached to its motion no later than **September 25, 1998** and that the Ferros shall answer or otherwise reply no later than **October 26, 1998**.

**IT IS FURTHER ORDERED** that, because of the automatic bankruptcy stay, further action against Eagle Enterprises, Inc. on the second amended complaint is **STAYED**.