NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2415
_____

DEAN WARREN SCHOMBURG,
                                                            Appellant

v.

DOW JONES & COMPANY, INC.; INDEPENDENT ASSOCIATION OF
PUBLISHERS OF EMPLOYEES, CWA LOCAL 1096, AFL-CIO, CLC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 11-cv-03410)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2012

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion Filed:  November 14, 2012)
_____

OPINION
_____

PER CURIAM

Dean Warren Schomburg appeals from the District Court's orders dismissing his

amended complaint against Dow Jones & Company, Inc. ("Dow Jones") and denying

reconsideration of that ruling.  We will vacate in part the order dismissing the amended

complaint and remand for further proceedings.

I.

Dow Jones employed Schomburg as a radio anchor for some fourteen years until his employment terminated in 2008. On June 13, 2011, Schomburg filed suit pro se against Dow Jones, apparently for racial discrimination, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Schomburg used a form complaint, which in paragraph eight states "The Equal Employment Opportunity Commission ['EEOC'] issued the attached Notice-Of-Right-To-Sue letter which was received by you on ___, ___, ___." In the accompanying blanks, Schomburg wrote "March 8, 2011."

Schomburg submitted his complaint along with an application for leave to proceed in forma pauperis. The District Court denied that motion and dismissed the action without prejudice for Schomburg's failure to pay the filing fee. Schomburg later paid the fee and filed an amended complaint in which he added his employees' Union as a defendant. He also asserted, in addition to his Title VII claim, claims for: (1) age discrimination and involuntary retirement under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; (2) discharge in retaliation for union activities in violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq.; and (3) wrongful discharge in violation of a collective bargaining agreement under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq. The amended complaint did not contain any allegation concerning when Schomburg received his EEOC letter.

Dow Jones filed a Rule 12(b)(6) motion to dismiss the amended complaint. Dow Jones sought dismissal of Schomburg's Title VII and ADEA claims on the sole ground that he had not filed suit within ninety days of March 8, 2011, the date on which he initially alleged he had received his EEOC letter. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA). Dow Jones raised no other argument addressed to the legal or factual sufficiency of those claims. In response, Schomburg filed a "Notice of Motion for a Supplemental Pleading," in which he asserted, inter alia, that the EEOC letter was dated March 7, 2011, but that he had not actually received it until March 18, 2011. Schomburg provided no additional details in that regard, but it appears that his new allegation of receipt would make his Title VII and ADEA claims timely.[1]

By order entered March 27, 2012, the District Court construed Schomburg's filing as a motion for leave to amend his complaint, denied it as futile, and dismissed all claims against Dow Jones. In relevant part, it dismissed Schomburg's Title VII and ADEA claims because he had not filed suit within ninety days after the date on which he initially alleged he received his EEOC letter. The District Court acknowledged Schomburg's later assertion that he received the letter on a later date, but it held him to his initial allegation on the ground that "a plaintiff is not permitted to take a contrary position to an allegation in a complaint in order to avoid dismissal." The Union filed a motion to

---

[1] If Schomburg received the EEOC letter on March 8, 2011, as he initially alleged, then his complaint was due to be filed by June 6, 2011. If Schomburg received it instead on March 18, 2011, then his complaint was due to be filed by June 16, 2011. Schomburg's complaint is deemed filed for statute of limitations purposes on June 13, 2011, the date on which he submitted it to the District Court along with his in forma pauperis application. See McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996).

dismiss the claims against it as well, and the District Court granted that motion on April 20, 2012.

After the District Court granted Dow Jones's motion to dismiss, Schomburg filed a timely motion for reconsideration of that ruling. Schomburg repeated his assertion that he had not received the EEOC letter until March 18, 2011, and he claimed that he mistakenly wrote March 8 because he is a first-time litigant and was nervous while filling out the form complaint at the court house. He also attributed the delay in receiving the letter to alleged delays in mail delivery in New Jersey caused by severe weather, and he attached an executive order declaring a state of emergency beginning on March 9, 2011. The District Court denied that motion on May 7, 2012, and Schomburg appeals pro se.[2]

II.

Schomburg's sole arguments on appeal are addressed to the District Court's ruling that his Title VII and ADEA claim are untimely because he did not file suit within ninety days of March 8, 2011, the date on which he initially alleged he received the EEOC letter. In particular, he argues that his initial allegation was mistaken and that the District Court should have allowed him to amend his complaint to allege that he received the

---

[2] Schomburg did not mention the District Court's order dismissing his claims against the Union in his notice of appeal, and he has raised no arguments addressed to those claims in his briefs. Schomburg also has raised no argument as to the District Court's dismissal of his NLRA or LMRA claims against Dow Jones. We thus deem any challenge to those rulings waived. We have jurisdiction under 28 U.S.C. § 1291. Schomburg's timely appeal from the denial of reconsideration brings up for review the District Court's underlying order dismissing his complaint and denying leave to amend. See Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012). We exercise plenary review over the District Court's dismissal of Schomburg's complaint and review the

4

letter instead on March 18, 2011.  We agree.

District courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  As this language suggests, "[a] liberal policy toward allowing amendment to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits."  6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d ed. 2008).  Thus, leave to amend ordinarily should be denied only when amendment would be inequitable or futile.  See Great W. Mining & Mineral Co., 615 F.3d at 174.  "This approach ensures that a particular claim will be decided on the merits rather than on technicalities."  Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).

The District Court acknowledged this general policy but reasoned that, "[a]lthough leave to amend should be freely given in most instances, a plaintiff is not permitted to take a contrary position to an allegation contained in a complaint to avoid dismissal."  In doing so, the District Court relied on two of our decisions for the proposition that Schomburg's initial allegation is a binding judicial admission.  See Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 181 (3d Cir. 2008); Parilla v. IAP Worldwide Servs. VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004).  Neither of those decisions, however, involved the question of whether a plaintiff could amend a complaint to cure a purported factual mistake.[3]  And even if Schomburg's initial allegation constituted a judicial

---

denial of both leave to amend and reconsideration for abuse of discretion.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

[3] In Sovereign Bank, an appellant attempted to take a legal position on appeal that was contradicted by an allegation in its complaint, and we held that the allegation was a

5

admission, it does not follow that he may not amend it.

To the contrary, many courts, including ours, have recognized that judicial admissions may be withdrawn by amendment. See, e.g., 188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 736 (7th Cir. 2002) (rejecting argument that an initial allegation was conclusive despite a later amendment taking a contrary factual position because "[w]hen a party has amended a pleading, allegations and statements in earlier pleadings are not considered judicial admissions"); American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings . . ., unless amended, are considered judicial admissions conclusively binding on the party who made them.") (emphasis added); Giannone v. U.S. Steel Corp., 238 F.2d 544, 547 (3d Cir. 1956) (recognizing that "withdrawn or superseded pleadings" do not constitute judicial admissions). Disallowing amendment merely because an existing allegation constitutes a judicial admission is contrary to the liberal amendment policy embodied in Rule 15(a)(2).

Nor was denial of leave to amend warranted merely because Schomburg sought to "take a contrary position . . . to avoid dismissal." Plaintiffs routinely amend complaints in order to correct factual inadequacies in response to a motion to dismiss. See 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d ed. 2008) ("Perhaps the most common use of Rule 15(a) is by a party seeking to amend in order to cure a defective pleading."). That is so even when the proposed amendment flatly

---

binding judicial admission for that purpose. See Sovereign Bank, 533 F.3d at 181. In Parilla, we denied the appellee's motion to dismiss an appeal for lack of standing because, inter alia, factual concessions in her own complaint revealed the basis for appellants' standing. See Parilla, 368 F.3d at 275.

contradicts the initial allegation, as in this case. See, e.g., 188 LLC, 300 F.3d at 734-36 (noting that District Court permitted the plaintiff to amend complaint to assert a contradictory factual position in response to a Rule 12(b)(6) motion and holding that earlier allegation was no longer a binding judicial admission in light of that amendment); cf. Gray v. Phillips Petroleum Co., 858 F.2d 610, 612 (10th Cir. 1989) (noting that ADEA plaintiff amended complaint as of course in response to motion to dismiss to "change[] the date of the alleged discriminatory action" for statute of limitations purposes in order to "ma[k]e the filing of the discrimination charge timely under the pleadings").[4]

This is not to say that a party's assertion of contrary factual positions in the pleadings is without consequence. Under certain circumstances, an earlier pleading may be offered as evidence rebutting a contrary assertion in a later pleading. See 188 LLC, 300 F.3d at 736; Huey v. Honeywell, Inc., 82 F.3d 327, 333 (9th Cir. 1996); Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705, 707 (2d Cir. 1989). We express no opinion on whether Schomburg's initial complaint will be admissible for any purpose, but we note that the inconsistency between his two allegations at most creates an issue of fact. See Huey, 82 F.3d at 333. It is not a reason to deny leave to amend.

Instead of relying on these technicalities, the District Court should have evaluated

---

[4] Dow Jones relies on unpublished District Court authority for the proposition that Schomburg "is bound by the admissions made in his original complaint and cannot simply erase these details by omitting them from his amended complaint." Davis v. Williamson, No. 4:08-cv-2009, 2009 WL 136815, at *4 n.4 (M.D. Pa. Jan. 20, 2009). The plaintiff in that case, however, expressly stood on his amended complaint and did not seek leave to further amend, like Schomburg, in order to affirmatively correct an alleged mistake in his prior pleading. See id. at *3.

7

Schomburg's request for leave to amend under the liberal Rule 15(a)(2) standard, which generally permits amendments unless they are inequitable or futile. We cannot say that Schomburg's proposed amendment would be inequitable or futile here. Schomburg asserts that he received the EEOC notice on March 18, 2011, but inadvertently wrote the date as March 8 because, as a first-time litigant, he was nervous while filling out the form complaint at the courthouse. Schomburg further asserts that extreme weather explains why he did not receive the EEOC notice until eleven days after the EEOC issued it on March 7, and he offered some support.[5] Dow Jones argues that these assertion are insufficiently supported as an evidentiary matter to rebut the presumption that complainants receive EEOC letters within three days after mailing. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). The very cases on which Dow Jones relies, however, reveal that these arguments are premature. See, e.g., Payan v. Aramark Mgmt. Servs. Ltd. P'Ship, 495 F.3d 1119, 1126-27 (9th Cir. 2007) (addressing date of receipt of EEOC letter on summary judgment); Seitzinger, 165 F.3d at 239 (same). Schomburg's assertions are not so improbable that they need not be taken as true for present purposes, and neither the District Court nor Dow Jones have suggested otherwise. See Great W. Mining & Mineral Co., 615 F.3d at 175 ("The standard for assessing futility is the same standard of legal sufficiency as applies under Rule 12(b)(6).") (quotation marks and alterations omitted). Nor do we see any indication that

---

[5] Schomburg frames this issue as one of "equitable tolling," but his assertions do not implicate that doctrine. Schomburg's assertions relate to the date on which he received the EEOC letter that started the ninety-day clock, not to any potentially excusable delay in filing suit thereafter.

permitting Schomburg to amend his complaint would be inequitable. To the contrary, Schomburg promptly moved to correct his initial allegation after Dow Jones first raised the issue in its motion to dismiss. We express no opinion on the truth of Schomburg's assertions or the merits of his underlying claims. We conclude, however, that the District Court should have allowed him to amend his complaint to allege a date that might make those claims timely and thus might permit a resolution on the merits.

For these reasons, we will vacate the District Court's order of March 27, 2012, to the extent that it denied Schomburg's motion to amend his Title VII and ADEA claims against Dow Jones and remand for the District Court to permit him to amend his complaint as to those claims only.