Joanna **RAVER, Wayne Givens, Delores Dickerson, Mary Ann Beckley, Brandon Nottingham, Betty Morgan, and the Center for Independent Living of Central Pennsylvania, Plaintiffs,**

v.

**CAPITOL AREA TRANSIT, and James Hoffer, in his official capacity as Executive Director, Defendants.**

No. 4:CV–94–1669.

United States District Court, M.D. Pennsylvania.

March 31, 1995.

Thomas Earle, Mary Catherine Roper, Philadelphia, PA, Thomas L. Peeler, Carlisle, PA, for plaintiffs.

Donn L. Snyder, Brigid Quinn Alford, Harrisburg, PA, for defendants.

### *ORDER*

McCLURE, District Judge.

### *BACKGROUND:*

On October 13, 1994, plaintiffs initiated this action with the filing of a complaint under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). Plaintiffs, with the exception of the Center for Independent Living of Central Pennsylvania ("CILCP"), are individuals with disabilities who use the fixed-route transportation system of defendant Capitol Area Transit ("CAT"). CILCP is a non-profit corporation whose clients have disabilities. One of CILCP's purposes is to assure equal access to mass transportation facilities for handicapped individuals.

Before the court is defendants' motion to dismiss as to the claim asserted by CILCP.

Defendants have filed an answer relative to the individual plaintiffs.

### *DISCUSSION:*

Defendants move to dismiss because the court does not have jurisdiction over the claim of CILCP, arguing that CILCP does not have standing under the ADA. Although not specifically stated, then, the motion to dismiss presumably is based upon Fed. R.Civ.P. 12(b)(1), (2) and/or (6).

■ The enforcement provision of the ADA reads:

> The remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

42 U.S.C. § 12133. In turn, 29 U.S.C. § 794a, part of the Rehabilitation Act, provides that the remedies, procedures and rights set forth in the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. § 2000e–16 shall be available. The latter section provides, *inter alia,* a private cause of action by designated persons. 42 U.S.C. § 2000e–16(c). Under § 12133, then, "any person alleging discrimination on the basis of disability" may bring a civil action.

■ Defendants' position is that CILCP is not itself a person with a disability, and so is not entitled to bring an action under the ADA. We disagree.

In construing a similar provision of the Fair Housing Act ("FHA"), the Supreme Court held that an organization the purpose of which was to assist individuals to obtain equal access to housing had standing to bring an action in its own right. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 378–379, 102 S.Ct. 1114, 1124–1125, 71 L.Ed.2d 214 (1982). The language of the statute was summarized separately by the Third Circuit as follows:

> The language of the statute clearly supports this rule. The statute permits any "aggrieved person" to commence a civil action in a United States district court, 42 U.S.C.A. § 3613(a)(1)(A) (West Supp.1992), and includes in the definition of "an aggrieved person" any person who "claims to

have been injured by a discriminatory housing practice." 42 U.S.C.A. § 3602(i) (West Supp.1992). The Supreme Court has made clear what seems evident from this language—that "an aggrieved person" does not necessarily have to be the person discriminated against. *See, e.g., Trafficante v. Metropolitan Life Insurance Co.,* 409 U.S. 205, 208–12, 93 S.Ct. 364, 366–68, 34 L.Ed.2d 415 (1972); *Gladstone [, Realtors v. Village of Bellwood ]*, 441 U.S. [91] at 102–09 [99 S.Ct. 1601, 1609–13, 60 L.Ed.2d 66 (1979) ].

*Growth Horizons, Inc. v. Delaware County, Pennsylvania,* 983 F.2d 1277, 1282 n. 6 (3d Cir.1993). In the latter case, the Third Circuit held that Growth Horizons, Inc., a corporation which provided community living arrangements to mentally retarded individuals, had standing to bring an action under the FHA. *Id.,* 983 F.2d at 1281–1282.

Due to the similarity of the language, we think that the same principle applies to the ADA. An "aggrieved person" under the FHA, i.e. a "person who claims to have been injured by a discriminatory housing practice," is analogous to a "person alleging discrimination on the basis of disability" under the ADA. In neither case need the person alleging discrimination be the person discriminated against. In order to have standing, then, CILCP need only be a person who has suffered the minima of injury in fact under Article III of the Constitution. *Cf. Havens Realty Corp.,* 455 U.S. at 372, 102 S.Ct. at 1120–1121.

In *Havens Realty Corp.,* the plaintiff organization, "HOME," alleged that it was harmed in its efforts to provide its services to clients. The Supreme Court held that such injury was sufficient to confer standing under Article III. *Havens Realty Corp.,* 455 U.S. at 379, 102 S.Ct. at 1124–1125. In this case, CILCP is analogous to HOME in that it alleges that its ability to provide its services to clients has been harmed by the alleged violation of the ADA. Complaint at 4 ¶ 14.

Plaintiff CILCP has standing under the ADA, and the motion to dismiss will be denied.

NOW, THEREFORE, IT IS ORDERED THAT defendants' motion (record document no. 7) to dismiss is denied.