The **FAIR HOUSING COUNCIL OF SUBURBAN PHILADELPHIA,** Plaintiff,

v.

**BOYERTOWN AREA TIMES; Berksmont Newspapers, Inc.; James C. Webb; James Davidheiser; Herb & Doaty Realtors; Greg Huber; Richard A. Zuber Realty; Linda Damore; Richard A. Zuber, Defendants.**

No. 96–CV–1375.

United States District Court, E.D. Pennsylvania.

Nov. 14, 1996.

Clifford A. Boardman, Philadelphia, PA, for Plaintiff.

G. Thompson Bell, III, Jeffrey D. Bukowski, Stevens & Lee, Reading, PA, for Defendants, Boyertown, Berksmont, Webb, Davidheiser, Zuber Realty, Damore and Zuber.

Robert B. Hanna, Jr., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Defendant, Herb & Doaty Realtors and Greg Herb.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

### INTRODUCTION

In this federal question action, plaintiff Fair Housing Council of Suburban Philadelphia, (the "Fair Housing Council"), an organization committed to the promotion of the equal availability of housing, has asserted a claim against various defendants, including Herb and Doaty Realtors, ("Herb and Doaty"), and Greg Herb, owner of Herb and Doaty. Plaintiff alleges that Herb and Doaty and Greg Herb violated the Fair Housing Act of 1968, ("Fair Housing Act") as codified at 42 U.S.C. § 3601 et seq., by placing an advertisement that was allegedly discriminatory to families with children in the Boyertown Area Times newspaper. Plaintiff also claims that defendants' actions violated the Pennsylvania Human Relations Act, as codified at 43 Pa.Stat.Ann. § 955 et seq.

Defendants Herb and Doaty and Greg Herb have jointly filed a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Defendants allege that the Fair Housing Council does not have standing to litigate this matter under the Fair Housing Act.

We hold that the Fair Housing Council has standing to assert claims against defendants for injuries to itself, but does not have standing to assert claims on behalf of its members. Accordingly, defendants' motion to dismiss is granted in part and denied in part.

### BACKGROUND

From September 1993 to at least March 1994, several of the other defendants in this case published real estate advertisements that were allegedly discriminatory. One such advertisement was submitted by Defen-

dants Herb and Doaty and Greg Herb for the sale of a home. The advertisement included the phrase "ideal summer lay-over for retiree's [sic] back from Florida." Plaintiff alleges that Defendants Herb and Doaty and Greg Herb have a policy of discouraging or denying housing to families with children. Plaintiff also claims that it was injured by these acts as an organization, both because defendants' actions have caused harm to the organization's members, and also because the organization has had to counteract defendants' allegedly discriminatory message, thereby incurring a resultant drain on its resources.

Defendants Herb and Doaty and Greg Herb claim that plaintiff lacks standing to litigate these claims under the Fair Housing Act. Defendants also claim that the advertisement was not discriminatory, that it did not result in discrimination, and that plaintiff has not alleged that anyone responded to the advertisement. Finally, defendants argue that the advertisement is no longer in the newspaper and therefore, the issue is moot.

## DISCUSSION

■ When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint's allegations must be construed in the light most favorable to the plaintiff. The court must accept as true all of the plaintiff's factual allegations and draw all reasonable inferences from them. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991). Thus, the court will grant a Rule 12(b)(6) motion only if the facts and reasonable inferences therefrom are legally insufficient and it is clear that the plaintiff cannot prove any facts upon which relief could be granted. *Commonwealth ex rel. Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 175 (3d Cir.1988). The court will apply this standard below.

The Fair Housing Act prohibits housing discrimination. 42 U.S.C. §§ 3601 *et seq.* (West 1994 & Supp.1996). Section 3604 governs discrimination in the sale or rental of housing. Section 3604(c) makes it illegal to "make, print, publish, or cause to be made, printed or published any notice, statement, or advertisement that indicates a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status,

or national origin, or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. § 3604(c).

The Supreme Court has held that an organization dedicated to the promotion of fair housing has standing to litigate fair housing claims if it alleges that defendants' discriminatory acts caused a drain on the plaintiff organization's resources when the plaintiff had to counteract defendants' discriminatory actions. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379, 102 S.Ct. 1114, 1124–1125, 71 L.Ed.2d 214 (1982). *See also Gaskin v. Commonwealth of Pennsylvania,* 1995 WL 154801, *1 (E.D.Pa.1995); *Kessler Institute for Rehabilitation Inc. v. Mayor and Council of Borough of Essex Fells,* 876 F.Supp. 641, 656 (D.N.J.1995); *Raver v. Capitol Area Transit,* 887 F.Supp. 96, 98 (M.D.Pa.1995). The Supreme Court noted that even though the organization would obviously have to prove at trial that it was impaired in its attempt to promote the availability of open housing, the district court erred when it dismissed the case for lack of standing and held that a drain on the organization's resources was an insufficient injury with which to find standing. *Havens,* 455 U.S. at 379–380 & n. 21, 102 S.Ct. at 1124–1125 & n. 21. According to the Supreme Court, the organization had standing in its own right to assert claims for injury to itself.

■ The Supreme Court in *Havens* did not decide whether the organization had standing to assert the claims of its members since the organization chose not to raise that issue on appeal. *Id.* at 378, 102 S.Ct. at 1124. Nevertheless, we note that in order for an organization to assert the claims of its members, the organization must show that (a) its members would have had standing if they had asserted the claims on their own, (b) the interest of the organization is related to the goals sought in the litigation, and (c) the claims asserted do not require the individual participation of the organization's members. *Newark Branch, N.A.A.C.P. v. Harrison,* 907 F.2d 1408, 1413 (3d. Cir.1990). To meet the first requirement above, the organization must show that the individual member personally suffered injury, that the injury is fairly traceable to the defendant's

conduct, and that a favorable decision will redress the harm. *Nat'l Resources Defense Council v. Texaco Refining & Marketing Inc.*, 2 F.3d 493; 504 (3d. Cir.1993).

■ The Fair Housing Council clearly has standing under *Havens* to assert claims for injury to itself. Nevertheless, the Fair Housing Council has not fulfilled its burden of showing that it has standing to assert claims on behalf of its members. For example, it has not alleged that any of its members would have had standing to assert claims against defendants on their own. The Fair Housing Council has not even alleged in its complaint that any of its individual members have been injured by defendants' conduct. Instead, it has asked this court to construe its allegation in its complaint that "persons were injured in their person and property," to include its members. We decline to do so. This general allegation by plaintiff cannot be held to have met the tests delineated above. Accordingly, we hold that plaintiff has standing to assert claims for injury to itself but not to assert claims on behalf of its members.

■ Nevertheless, since leave to amend is usually granted quite freely, we will give plaintiff thirty days to amend its complaint to properly allege injuries to its members, if it chooses to do so. *See e.g. Dole v. Arco Chemical Co.*, 921 F.2d 484, 486–487 (3d. Cir.1990).

■ Finally, we note that defendants have also argued that the advertisement was not discriminatory, and that the issue is moot since the advertisement is no longer being printed. Plaintiff has responded that the issue of whether the advertisement is discriminatory is for the jury to decide, and that the issue is not moot since they have claimed that defendants have allegedly discriminatory policies.

Whether the advertisement was in fact discriminatory is not an issue we will decide at this time since we are at the pleading stage of the litigation. Furthermore, the issue of whether the advertisement was discriminatory is not moot even if the advertisement is no longer in print, since the Fair Housing Council is suing for past injury, and it is also alleging that defendant's actions are part of their overall discriminatory policies. The Fair Housing Council could still be entitled to recover for its past injuries, even if the advertisement is no longer being circulated. In addition, by alleging that defendants have discriminatory policies, plaintiffs are not suing defendants based on a single incident such that the withdrawal of the advertisement could render this litigation moot. Therefore, defendants' arguments in this regard must fail.

**CONCLUSION**

In light of the foregoing, the defendants' motion to dismiss is granted in part and denied in part. We hold that plaintiff Fair Housing Council has standing to assert claims for its own injuries, but not that of its members. If plaintiff wishes to amend its complaint to meet the standing requirements for asserting claims on behalf of its members, it has thirty days to do so.

An appropriate Order follows.

*ORDER*

AND NOW, this 14th day of November, 1996, upon consideration of Defendants Herb and Doaty Realty and Greg Herb's Motion to Dismiss the Complaint, said motion is GRANTED in part and DENIED in part. Plaintiff Fair Housing Council has standing to assert claims on its own behalf but not on behalf of its members.

FURTHER, if plaintiff wishes to amend its complaint to meet the standing requirements for asserting claims on behalf of its members, it has thirty days to do so.