**Gwendolyn HOWZE, Appellant,**

v.

**JONES & LAUGHLIN STEEL CORP., Appellee.**

**No. 83–5839.**

United States Court of Appeals, Third Circuit.

Argued Sept. 10, 1984.

Decided Dec. 28, 1984.

Thomas J. Henderson (argued), Pittsburgh, Pa., for appellant.

John C. Unkovic (argued), Robert F. Prorok, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee.

Before SEITZ, BECKER, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Plaintiff, Gwendolyn Howze, appeals from an order of the district court granting summary judgment to defendant in this employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Howze further appeals from the district court's denial of her motions to extend the period for discovery and to grant leave to amend her complaint. This court has jurisdiction under 28 U.S.C. § 1291.

## I. BACKGROUND

Howze alleges that she was denied a promotion by her employer, defendant Jones & Laughlin Steel Corporation ("J & L"), because she is black. Since February of 1980, Howze has been a full-time employee of J & L. Although initially hired into the stenographic pool, she was later assigned as a receptionist-stenographer in J & L's Public Relations Department. While serving in that capacity, Howze claims that she was told by her supervisor that the position of Staff Assistant to the Corporate Contributions Committee (the "CCC") would be created and that she would be recommended for the position. The CCC is a Pittsburgh organization consisting of corporate representatives who are responsible for making determinations with respect to charitable contributions.

Howze alleges that on April 16, 1981, her supervisor informed her that she would not be considered for the Staff Assistant position because of her race. According to Howze, one of the functions of the Staff Assistant would be to attend the meetings of the CCC. She claims that she was told by her supervisor that since there was already one black corporate representative on the committee it was "highly unlikely" that she would be promoted to fill that position. Howze also alleges that her supervisor told her that J & L did not place blacks in positions of high public exposure.

Howze alleges that it was J & L's practice not to post job openings or to publicly seek applications. For this reason, Howze did not have the opportunity to apply for the Staff Assistant job.

On August 18, 1981, a white secretary was promoted to fill the newly created Staff Assistant position. Howze believes that she was more qualified than the white woman who was promoted because she had been performing many of the duties of the Staff Assistant before the position was created. These responsibilities included the

preparation of budgets and reports, and correspondence to the CCC.

Howze filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on February 4, 1982, the 294th day after the alleged discrimination. Following an investigation, the EEOC determined that there was no reasonable cause to believe that J & L had discriminated against Howze. A right to sue letter was issued by the EEOC on August 11, 1982.

Howze timely filed the present action in the district court on November 2, 1982. Her *pro se* complaint alleged instances of class-wide race discrimination as well as her individual claims. She was assisted in the preparation of her *pro se* complaint by a non-resident attorney whom she had contacted by telephone. Howze did not meet personally with the attorney, nor did he ever consent to represent her.

Howze's case was consolidated for pretrial proceedings with a similar action brought by fellow employee Alex Jones, whose appeal we also decide today. *See Jones v. Jones & Laughlin Steel Corp.,* 750 F.2d 1214 (3d Cir.1984). The district court ordered that all discovery be completed within 60 days of the filing of J & L's answer. Because of the difficulties Howze experienced in attempting to obtain counsel, the period for discovery had expired before an attorney was retained in March of 1983. Howze's counsel moved to amend the complaint and to expand the period for discovery, but these motions were denied. Thus, the record before the district court on the basis of which the district court granted summary judgment consisted solely of Howze's complaint, J & L's answer, Howze's deposition, obtained while she was without counsel, an affidavit by John Purser, J & L's Vice President of Public Affairs, and Howze's affidavit. The district court granted J & L's motion for summary judgment, holding that plaintiff had failed to file her charge with the EEOC in a timely fashion and had not made out a prima facie case of racial discrimination. This appeal followed.

## II. DISCUSSION

### A. *Timeliness of the EEOC Charge*

■ A plaintiff under Title VII must file a timely charge with the EEOC before initiating suit in federal court. *See, e.g., Love v. Pullman,* 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972). Two statutory provisions are relevant in determining whether Howze's particular claim was timely filed with the EEOC. First, the statute requires that charges be filed with the EEOC no later than 180 days after the alleged act of discrimination. 42 U.S.C. § 2000e–5(e). However, if a complainant initiates proceedings with a state or local employment discrimination agency, the filing period is extended to 300 days. *Id.* Second, in states that have such agencies, a federal charge will not be deemed to have been "filed," though it has been submitted to the EEOC, "before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated...." 42 U.S.C. § 2000e–5(c).

The purpose of the sixty-day deferral period is to provide the states with a limited opportunity to resolve discrimination claims locally before a complainant may seek federal relief. *Cf. Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 761, 99 S.Ct. 2066, 2074, 60 L.Ed.2d 609 (1979) (construing the Age Discrimination in Employment Act (the "ADEA")). The extended period for the filing of EEOC claims by deferral state complainants was intended to prevent the "forfeiture of a complainant's federal rights while participating in state proceedings." *Mohasco Corp. v. Silver,* 447 U.S. 807, 821, 100 S.Ct. 2486, 2494, 65 L.Ed.2d 532 (1980) (footnote omitted).

■ It is undisputed that Pennsylvania is a deferral state within the meaning of 42 U.S.C. § 2000e–5. Thus, the 300-day filing period applies if Howze had initiated proceedings with the relevant state agency, the Pennsylvania Human Relations Commission (the "PHRC"). Howze admits that she did not file a charge with the PHRC.

Nevertheless, she contends that she is entitled to the longer filing period because the EEOC referred her charge to the PHRC. In *Love v. Pullman, supra,* the Supreme Court held that an EEOC referral to the state agency satisfies the requirement that state proceedings be initiated. A state filing by the EEOC entitles the complainant to the 300 day filing limit even if, as here, the state filing is untimely under state law. *Mohasco,* 447 U.S. at 815–16, 100 S.Ct. at 2491–92; *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 751 (3d Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983).

J & L argues that, although Howze contended in the district court that the EEOC "notified" a local agency of her charge, she provided no supporting evidence of this contention. It quotes the district court's observation that "a statement in a brief is not factual evidence for purposes of a motion for summary judgment," and concludes that Howze cannot survive summary judgment on this issue. The district court did not reach this conclusion, however. It assumed, without deciding, that plaintiff was entitled to the 300-day filing period. Indeed, we cannot see how the district court could have decided the "notice" issue in J & L's favor. The record is barren on this particular issue and, of course, J & L had the burden of clearly demonstrating on the record that no genuine issue of material fact existed. *See Hicks v. ABT Associates, Inc.,* 572 F.2d 960, 967 (3d Cir.1978). And it is worth noting that Howze's *pro se* complaint alleged that "[a]ll conditions precedent to the institution of this civil action have been fulfilled."

J & L next argues that the district court was correct in concluding that, even assuming the 300-day filing period is applicable to Howze's charge, it was untimely. In reaching its conclusion, the district court noted that the undisputed facts established that the date of the alleged discrimination was April 16, 1981, and that the charge was filed with the EEOC on February 4, 1982. It held that *"Mohasco Corp., supra,* requires that a charge filed first with the EEOC in [a] deferral state ... must be filed within 240 days of the date of the alleged discrimination." Thus, the district court concluded that Howze's charge, filed with the EEOC 294 days after the alleged discrimination, was 54 days too late.

This holding is a misreading of *Mohasco.* That case does hold that a filing within 240 days will "insure" that a complainant's rights are preserved. It goes on to explain, however, that even if a complaint is filed after 240 days have passed, a complainant's rights will be preserved "if the State happens to complete its consideration of the charge prior to the end of the 300-day period." 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16.

J & L argues, however, what amounts to the position that the district court was entitled to conclude that the local agency's consideration was not terminated because Howze presented no evidence to the contrary in the district court. This argument is misplaced for two reasons. First, the district court nowhere indicates that it has reached this conclusion. Second, J & L, not Howze, is obliged to make a sufficient record on this issue if it is to be relied upon as a basis for granting summary judgment. J & L has not done so. *See Hicks, supra.*

▮ Plaintiff presents legal arguments which, she contends, show that the 300-day requirement has been satisfied in this case as a matter of law.[1] We decline to consider these arguments, however, because they should be addressed first on remand to the district court. We need hold only that the district court erred in granting summary judgment on the basis of its determination that plaintiff did not satisfy the 300-day requirement. Thus, the matter must be remanded to the district court for further appropriate proceedings. Our decision moots J & L's contention that certain of plaintiff's legal arguments were not presented to the district court and, therefore, should not be considered on appeal.

---

1. *E.g.,* contentions relating to 29 C.F.R. § 1601.-13(a)(3) & 29 C.F.R. § 1601.13(a)(4)(iii).

## B. *Amendment of the Complaint*

We next consider the district court's refusal to grant Howze leave to file an amended complaint. The amended complaint served three functions. First, it specified more clearly the legal and factual bases for her claims. Second, it eliminated the allegations of class-wide racial discrimination which had been raised in the original complaint. Third, the amended complaint raised an additional theory for Howze's claim that she had been denied a promotion because of her race. Specifically, she alleged that she had been discriminated against in retaliation for her activities on behalf of the J & L Black Caucus.

■ Although the grant or denial of a motion to amend is within the sound discretion of the district court, *Lewis v. Curtis,* 671 F.2d 779, 783 (3d Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144 (1982), the general rule is that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

■ The district court did not state any reasons for its denial of Howze's motion to amend. J & L argues that the denial was proper because her efforts to amend were unduly delayed. Delay alone, however, is an insufficient ground upon which to deny a motion to amend. *Cornell and Co., Inc., v. Occupational Safety and Health Review Commission,* 573 F.2d 820 (3d Cir. 1978). Rather, the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed. *Id.* at 823. Here, there is no evidence in the record to suggest that J & L would have been prejudiced by the motion to amend.

J & L further contends that the denial of the motion was proper because the amended complaint raised a claim of retaliation which was never presented to or investigated by the EEOC. Because the statutory scheme of Title VII stresses conciliation by the EEOC over formal adjudication, *see EEOC v. E.I. duPont de Nemours & Co.,* 516 F.2d 1297 (3d Cir.1975), we recognize that there must be some limitation on the presentation of new claims in the district court. This court has held, however, that the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the Commission. *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398–99 (3d Cir.1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753, *reh. denied,* 430 U.S. 911, 97 S.Ct. 1187, 51 L.Ed.2d 589 (1977) (citations omitted).

As in *Ostapowicz,* we believe that Howze's new retaliation claim "may fairly be considered [an] explanation[ ] of the original charge ...." *Id., supra* at 399. Whether the actual EEOC investigation uncovered any evidence of retaliation is of no consequence. In *Hicks v. ABT Associates, supra,* we rejected the view that the EEOC investigation sets an outer limit on the scope of the civil complaint. Rather, we held that a district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims. In the instant case, J & L does not argue that the retaliation charge is beyond the scope of Howze's failure-to-promote race discrimination claim. Neither does it contend that a reasonable investigation by the EEOC would not have encompassed the retaliation charge.

■ We conclude, on these facts, that the mere adding of a claim of retaliation in the amended complaint is not a sufficient reason to deny the motion to amend. Since J & L did not argue that it would be prejudiced by the amendment, we find that it was not consistent with a sound exercise of discretion to refuse to grant Howze leave to file an amended complaint.

## C. *Extension of the Period for Discovery*

■ Howze further contends that the district court's refusal to reopen the period

for discovery was an abuse of discretion. We approach this issue with the view that questions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court. "A trial judge must be able to direct discovery and act properly to prevent abuse without being second-guessed by appellate judges remote from the scene." *Duke v. University of Texas,* 729 F.2d 994, 997 (5th Cir.1984). Nevertheless, the district court's discretion is not absolute.

■ The district court provided for only 60 days of discovery to be commenced at the filing of J & L's answer to Howze's complaint. As we have noted above, Howze was unable to secure counsel during the entire period allowed for discovery. As a result, the only evidence revealed through discovery came from Howze's own deposition.

Significantly, the local rules for the United States District Court for the Western District of Pennsylvania contemplate a discovery period of at least 120 days. Local Rule 5 provides that "[u]nless modified by court order, discovery shall be limited to 120 days from the date of [a pre-trial] conference." W.D.Pa.R. 5(II)(C). No reason was given by the district court for sharply curtailing the period normally allowed for discovery. Yet in our view the fact that plaintiff was proceeding *pro se* would seem to justify a more lenient time frame for discovery.

There is no evidence in the record to suggest that Howze acted less than diligently in her efforts to obtain counsel or conduct discovery. The motion to extend discovery was made within a month after counsel was finally secured, and J & L apparently did not oppose the motion. Trial was neither imminent nor had discovery been permitted for any lengthy period of time. *Cf. Redhead v. United States,* 686 F.2d 178, 184 (3d Cir.1982), *cert. denied,* 459 U.S. 1203, 103 S.Ct. 1190, 75 L.Ed.2d 435 (1983) (no abuse of discretion in refusal to extend discovery immediately before tri-

al and after several years of discovery had been conducted).

While we are sympathetic to the district court's desire to contain discovery and effectively manage its docket, the only prejudice apparent on this record is to Howze. In view of the difficulties faced by Howze in attempting to proceed without counsel, and in light of the time restrictions imposed by Title VII once Howze was notified of her right to sue, 42 U.S.C. § 2000e-5 (aggrieved party must file civil action within 90 days of notification of right to sue), we must conclude that the district court exceeded the limits of permissible discretion in denying Howze a reasonable period in which to conduct discovery with the assistance of counsel.

### D. *Existence of a Prima Facie Case*

Because we are remanding the case for further discovery, and because we believe that such discovery may uncover additional facts relevant to Howze's Title VII claims, we need not decide whether, on the basis of the present record, Howze has made out a prima facie case. Rather, we will vacate the order entering summary judgment in favor of J & L so that a more complete record can be made.

### E. *Section 1981*

Finally, the district court found that there was "no evidence in support of a § 1981 claim." App. at 197a. Assuming, without deciding, that J & L would otherwise be entitled to summary judgment on this basis, we will nevertheless vacate the district court's order granting summary judgment. We do so because our ruling reopening discovery may present a different record for the court's consideration.

### III.

The order of the district court granting summary judgment in favor of the defendant, Jones & Laughlin Steel Corporation, will be vacated, and the case will be remanded for further proceedings consistent with this opinion.