Alex JONES, Appellant,

v.

JONES & LAUGHLIN STEEL
CORP., Appellee.

No. 83–5840.

United States Court of Appeals,
Third Circuit.

Argued Sept. 10, 1984.

Decided Dec. 28, 1984.

Thomas J. Henderson (argued), Pittsburgh, Pa., for appellant.

John C. Unkovic (argued), Robert F. Prorok, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee.

Before SEITZ, BECKER, and ROSENN, Circuit Judges.

### OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order granting summary judgment in favor of the defendant, Jones & Laughlin Steel Corporation ("J & L"), in this race discrimination suit brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. The plaintiff, Alex Jones, further appeals from the district court's denial of his motions to permit leave to file an amended complaint and to extend the period of discovery. Jurisdiction for this appeal exists under 28 U.S.C. § 1291.

I.

This is a companion case to *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208 (3d Cir.1984), which we also decide today. The essential facts may be briefly summarized. Alex Jones is a black male who is presently employed as an hourly payroll clerk for J & L. He is 41 years of age and has been working for J & L for the past ten years. On February 26, 1982, Jones filed a charge

of race discrimination with the Equal Employment Opportunity Commission (the "EEOC"), claiming that he had been consistently denied promotions, job assignments and training opportunities which had been offered to younger, white employees. After an investigation, the EEOC issued its determination that there was no reasonable cause to believe that Jones had been discriminated against. Jones was notified of his statutory right to sue on August 11, 1982.

Jones commenced the present timely action in the district court. He was assisted in the preparation of his complaint by a non-resident attorney, but the action was filed *pro se.*

The case was consolidated for pretrial proceedings with the similar action brought by Gwendolyn Howze. As in the *Howze* case, the district court ordered that all discovery be completed within 60 days. The period for discovery had expired before Jones succeeded in retaining counsel. When counsel was finally secured, Jones moved for leave to file an amended complaint and to extend the period for discovery. These motions were summarily denied. Thereafter, the district court granted J & L's motion for summary judgment, holding that Jones had failed to make out a prima facie case of race discrimination.

### II.

For the reasons we articulate in *Howze v. Jones & Laughlin Steel Corp., supra,* we conclude that the district court exceeded the limits of sound discretion in denying Jones leave to file an amended complaint and to extend the period for discovery. Our review of the record leads us to conclude that Jones acted diligently and in good faith to obtain counsel. J & L did not allege that it would be prejudiced if the court granted the motion to file an amended complaint, nor did it contest the motion to extend the period for discovery.

In granting summary judgment to J & L, the district court held that Jones had not established a prima facie case under Title VII because he had "not shown to which jobs the younger, white employees were promoted, nor what qualifications the defendant company considered for any job promotion." App. at 192a. Jones alleges, however, that is it the policy of J & L not to post job openings or to specify the qualifications for a particular position. Hence, Jones' only recourse to obtain such information was through the discovery process. We believe that Jones is entitled to a reasonable period in which to conduct discovery with the assistance of counsel.

The district court further concluded that there was "no evidence in support of a § 1981 claim." App. at 192a. Assuming, without deciding, that J & L would otherwise be entitled to summary judgment on this basis, we will nevertheless vacate the order granting summary judgment because our ruling reopening discovery may present a different record for the court's consideration.

### III.

The order of the district court granting J & L's motion for summary judgment will be vacated, and the case will be remanded for further proceedings consistent with this opinion.