**Edith JOHNSON, Plaintiff,**

v.

**CHASE HOME FINANCE, J.P. Morgan Chase & Co. and Chase Manhattan Mortgage Corp., Defendants.**

**No. CIV.A. 03–6559.**

United States District Court, E.D. Pennsylvania.

March 4, 2004.

Derek T. Smith, Akin & Smith LLC, New York, NY, for Edith Johnson, Plaintiff.

Catherine Thea Barbieri, Fox Rothschild, LLP, Howard R. Flaxman, Fox Rothschild, LLP, Philadelphia, for Chase Home Finance, J.P. Morgan Chase & Co., Chase Manhattan Mortgage Corporation, Defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

## I. BACKGROUND

Plaintiff Edith Johnson ("plaintiff") is a thirty-one year old African–American female, who in July of 2001 began employment as an administrative assistant for Chase Home Finance, J.P. Morgan Chase & Co., and/or Chase Manhattan Mortgage Corp. (collectively "Chase" or "defendants"). Ms. Johnson alleges, in her amended complaint, that during the course of her employment, her supervisor criticized her and harassed her on an on-going basis on account of her race, national origin, gender and age. Plaintiff also alleges that she was denied a sales position with Chase on account of her gender and age. Based on this alleged unlawful conduct, plaintiff claims that she has suffered, among other things, emotional distress, anxiety and humiliation, and was forced to resign from her position. She now brings suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 ("Title VII"), the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (the "PHRA").[1]

Presently before the Court is defendants' motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). With respect to the Title VII and PHRA claims, defendants contend that plaintiff has failed to exhaust her administrative remedies at either the federal level, the state level, or both. With respect to the age discrimination claim, defendants argue that plaintiff does not meet the minimum age requirement contemplated by the ADEA. For the reasons that follow, the motion to dismiss shall be granted in part and denied in part.

## II. DISCUSSION

### A. *Standard for Motion to Dismiss.*

A motion to dismiss for failure to state a claim serves to test the sufficiency of the allegations contained in the complaint. *See Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). A plaintiff's allegations are

---

1. Count I of the amended complaint is brought under Title VII and alleges that plaintiff was constructively terminated and otherwise discriminated against by employees of defendants. Count II is brought under Title VII and alleges retaliation by defendants in response to plaintiff's lawful opposition to defendants' employment practices. Count III is brought under the PHRA and sets forth allegations of a hostile work environment and constructive discharge. Count IV of the complaint is brought under the PHRA and alleges retaliation by defendants. Count V of the complaint is brought under the PHRA and alleges that defendants aided, abetted, incited, compelled and coerced the discriminatory conduct alleged by plaintiff. Count VI of the amended complaint is brought under the ADEA and alleges age discrimination.

considered true and are construed in the light most favorable to him, *see Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989), and his complaint should not be dismissed "unless it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. *Exhaustion of State Administrative Remedies.*

■ As a general argument going to all of plaintiff's PHRA claims, defendants argue that plaintiff has not exhausted her administrative remedies because she failed to file a complaint with the Pennsylvania Human Relations Commission ("PHRC"). Even assuming that plaintiff did file a complaint with the PHRC, defendants argue that plaintiff's lawsuit is untimely because the PHRA requires that the PHRC retain jurisdiction over complaints filed before it for a period of one year.

In response, plaintiff has asserted that a complaint with the PHRC was "dual filed" with her EEOC charge. In support, plaintiff has produced a document from the PHRC, dated January 28, 2004, indicating that plaintiff's case has been closed. This document evidences that a complaint was, in fact, filed in the PHRC and specifically indicates that the PHRC no longer has jurisdiction over the case. The Pennsylvania statute concerning exhaustion provides that:

> If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a par-

ty, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

43 P.S. § 962(c). Because plaintiff's case has been dismissed by the PHRC, she is now entitled to bring suit in federal court notwithstanding the fact that the case was dismissed by the PHRC after she filed the instant complaint. The issue of exhaustion on the grounds that the PHRC retains exclusive jurisdiction over cases filed under the PHRA for a period of one-year is moot due to the PHRC's dismissal of plaintiff's complaint. *Id.*

### C. *Exhaustion of the Constructive Discharge and Retaliation Claims.*

Defendants also argue that the constructive discharge claims encompassed in counts I, III and V of plaintiff's amended complaint and the retaliation claim encompassed in counts II and IV of the amended complaint should be dismissed because plaintiff's discrimination charge submitted to the EEOC failed to specify that defendants retaliated against plaintiff in response to her lawful opposition to defendants' alleged illegal conduct, or that she was constructively discharged from her position.[2]

From the papers submitted by the parties in connection with the instant motion, it is apparent that plaintiff filed an unverified charge (the "informal charge") with the EEOC on June 3, 2003 and responded to EEOC charge information questionnaires on July 11, 2003 and August 11, 2003 (the "intake questionnaires").[3] A

---

**2.** As stated in footnote 1, count V alleges that defendants aided, abetted, incited, compelled and coerced discriminatory conduct. Defendants appear to believe that this is a constructive discharge claim. *See* Def. Mem., at 5. For the purposes of this discussion, the Court

will assume that count V is related to counts I and III.

**3.** 29 C.F.R. 1601.9 requires that a formal charge be in writing, signed and verified. Intake questionnaires solicit preliminary infor-

charge of discrimination (the "formal charge"), verified by plaintiff on September 15, 2003, was filed with the EEOC on September 23, 2003. Pursuant to 29 C.F.R. § 1601.14(a), a notice of the charge of discrimination ("notice") was dated October 3, 2003 and, along with a copy of the formal charge, served on the vice-president of human resources of Chase. The EEOC issued a "right to sue" letter relating to plaintiff's Title VII claims on October 27, 2003. Plaintiff filed the instant complaint before this Court on December 4, 2003.

■ As a general rule, a plaintiff under Title VII cannot bring claims in a civil lawsuit that were not first included in an EEOC charge and exhausted at the administrative level. *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469 (3d Cir.2001). The Third Circuit has recognized that the exhaustion requirement serves two purposes:

> First, it puts the employer on notice that a complaint has been lodged against him and gives him the opportunity to take remedial action. Second, it gives the EEOC notice of the alleged violation and an opportunity to fulfill its statutory responsibility of seeking to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

*Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir.1983) (internal citations omitted).

■ The relevant test in determining whether a plaintiff was required to exhaust her administrative remedies is whether the acts alleged in the subsequent suit are fairly within the scope of the prior administrative charges or the investigation(s)

arising therefrom. *Antol v. Perry*, 82 F.3d 1291, 1295 (3rd Cir.1996); *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.1984)(per curiam); *see also Mroczek v. Bethlehem Steel Corp.*, 126 F.Supp.2d 379, 385 (E.D.Pa.2001).

> Here, plaintiff's informal EEOC charge states that, Ms. Johnson has been subject to unlawful discrimination as well as hostile work environment. *As a result,* she has been unable to return to work and suffers from emotional distress, anxiety, humiliation, loss of a carrier [sic], pay and numerous expenses in an effort to ameliorate these conditions.

Plaint. Opp. Mem., Exhibit B (emphasis added). Moreover, the formal charge states that "[d]ue to the unlawful discrimination and hostile work environment that I experienced, I have been unable to return to work." Def. Mem., Exhibit B. Based on these allegations made in plaintiff's informal and formal charges, the Court concludes that the constructive discharge claim fairly falls within the scope of the EEOC charge. Therefore, the Court finds that plaintiff's constructive discharge claims, as encompassed in counts I, III and V, are exhausted.

■ With respect to retaliation, plaintiff's informal charge to the EEOC makes no reference to such a claim, nor does it provide facts which would support a finding of retaliation. Alleged by plaintiff in this charge are a February 21, 2003 incident involving an ethnic head wrap that one of plaintiff's supervisors allegedly mocked and an April 30, 2003 incident where the same supervisor allegedly intimidated plaintiff into withdrawing her ef-

---

mation from the claimant including the person's name and address, etc., and the name and address of the alleged discriminator, asks what action was taken against the complainer that she believes was discriminatory and with what consequence, asks what the nature of

the discrimination was (race, sex, age, etc.), and asks whether the complainant consents to the disclosure of his identity to the alleged discriminator. *See Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992).

forts to secure a sales position. A separate incident, involving another supervisor who discouraged plaintiff from taking the sales position is also mentioned, but there is no mention of any discriminatory action taken by her supervisors or any other person associated with defendants in response to protected activity that plaintiff engaged in.

■ The formal charge signed by plaintiff on September 15, 2003 likewise contains no reference to a retaliation claim, nor does is state facts which would support a finding of retaliation. It merely repeats the incidents described in the informal charge filed by the plaintiff. Furthermore, plaintiff's amended complaint in the case at bar provides absolutely no factual allegations that would support a claim that retaliation in response to protected activity had occurred following plaintiff's filing of the EEOC charge, or any other protected activity.[4]

Plaintiff does point to the July 11, 2003 intake questionnaire reportedly submitted to the EEOC. On this form, plaintiff checked off a box for "retaliation" as one of the bases of her complaint of discrimination. The Court finds that, standing alone, this "check" in this questionnaire is insufficient to satisfy the exhaustion requirement. Courts in this Circuit have found that intake questionnaires do not serve the same function as the formal charge, are not part of the formal charge, and therefore do not satisfy the exhaustion requirement in circumstances such as this where a claim marked off in the questionnaire is omitted from the charge and

where the EEOC does not investigate the omitted claim.[5] See Phillips v. Dailmer-Chrysler Corp., No. 01–247, 2003 WL 22939481, *2, 2003 U.S. Dist. LEXIS 23941, at *6 (E.D.Pa. Mar. 27, 2003); Rogan v. Giant Eagle, Inc., 113 F.Supp.2d 777, 788 (W.D.Pa.2000). The Court notes that in this case, the failure to include a claim of retaliation in the charge is particularly unjustified given that plaintiff was represented by counsel experienced in EEOC matters throughout the administrative proceedings.[6] Thus, the Court finds that the claim of retaliation does not fall "fairly within the scope of the prior EEOC [charge]." Antol, 82 F.3d at 1295.

Moreover, in view of the total absence of any allegations of retaliation made by plaintiff in the formal charge, the Court finds that any EEOC investigation could not "reasonably be expected to grow [into allegations of retaliation] out of the charge of discrimination, including new acts which occurred during the pendency of the proceedings before the Commission." Robinson v. Dalton, 107 F.3d 1018, 1025–26 (3d Cir.1997) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398–99 (3d Cir. 1976) (citations and internal quotations omitted)). Hence, plaintiff's retaliation claims—counts II and IV of the amended complaint—shall be dismissed.

## D. Age Discrimination Claim.

■ Finally, the Court turns to count VI of the complaint, which alleges age discrimination. As noted by defendants' during the hearing on the motion to dis-

---

4. The elements of a retaliation claim are as follows: (1) plaintiff engaged in conduct protected by Title VII; (2) the employer took adverse employment action against plaintiff; and (3) a causal link between the protected conduct and the employer's adverse action. See Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 200 (3d Cir.1994).

5. The amended complaint makes no allegation that the EEOC conducted an investigation subsequent to the formal charge.

6. For example, 29 C.F.R. 1601.12(b) permits amendments to charges to include "additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge."

miss, the ADEA contemplates that its prohibitions are "limited to individuals who are at least 40 years of age." 29 U.S.C. 631(a); *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996)(recognizing that the ADEA "limits the protected class to those who are 40 or older"). Plaintiff is thirty-one years old, nearly a decade younger than the class protected by the ADEA. Therefore, her age discrimination claim shall be dismissed.[7]

## III.   CONCLUSION

The Court finds that plaintiff has exhausted her federal and state administrative remedies with respect to her constructive discharge and hostile work environment claims. With respect to plaintiff's retaliation claims, the Court finds that these claims have not been exhausted, and therefore, warrant dismissal. Plaintiff's ADEA claim shall be dismissed because plaintiff does not meet the minimum age requirement established by statute.

In view of the above, defendants' motion to dismiss the amended complaint shall be granted in part and denied in part.

An appropriate order follows.

### ORDER

**AND NOW,** this 4th day of **March 2004,** for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that defendants' motion to dismiss the amended complaint (doc. no. 11) shall be **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that counts II, IV, and VI of the amended complaint shall be **DISMISSED.**

**IT IS FURTHER ORDERED** that the motion to dismiss the complaint (doc. no. 5) shall be **DENIED** as **MOOT.**

**AND IT IS SO ORDERED.**

---

7.  The Court also notes that plaintiff's counsel indicated to the Court during the hearing on the motion to dismiss that the age discrimination claim would no longer be pursued.