OPINION OF THE COURT
SCIRICA, Chief Judge.
Audrey Barzanty brought two claims against her employer, Verizon Pennsylvania, Inc., under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (“Title VTI”), alleging gender discrimination and a hostile work environment. The District Court granted Verizon’s motion for summary judgment, dismissing both claims. Bar-zanty appeals only the District Court’s dismissal of her hostile work environment claim for failure to exhaust administrative remedies. We will affirm.
I.
Barzanty was employed by Verizon as a splicing technician from 1986 until her employment was terminated on December 21, 2004.[1] She was discharged for multiple violations of the Verizon Code of Business Conduct, including (1) seeking reimbursement for hours she did not work; (2) leaving her work site without permission; and (3) using a company truck for personal shopping.
On September 19, 2005, Barzanty submitted a General Intake Questionnaire to the Pittsburgh office of the Equal Employment Opportunity Commission (“EEOC”). On the questionnaire, she checked off “discharge” and “harassment” as the bases of her alleged discrimination. On November 16, 2005, she filed a Form 5 Charge of Discrimination, alleging gender discrimination arising only out of Verizon’s decision to terminate her employment. She claimed she was discriminated against because males who engaged in similar infractions were not discharged. On March 30, 2006, the EEOC issued a right-to-sue letter finding no cause.
*413 Barzanty subsequently filed a two-count complaint under Title VII in the United States District Court for the Western District of Pennsylvania, alleging Verizon and her supervisor, Allen Nemetz, subjected her to a hostile work environment, and Verizon discharged her on the basis of gender.[2] After discovery, Verizon filed a motion for summary judgment, contending (1) Barzanty’s claim was time barred because she failed to file her EEOC charge within 300 days of her termination; (2) she did not exhaust her administrative remedies because the EEOC charge did not mention a hostile work environment; and (3) she could not state a prima facie case of gender discrimination with respect to her discharge.
On November 5, 2007, Magistrate Judge Robert C. Mitchell recommended the summary judgment motion be granted based on Verizon’s second and third arguments. The Magistrate Judge provided the following explanation as to why it recommended that the District Court dismiss Barzanty’s hostile work environment claim:
The Form 5 Charge of Discrimination identified the December 21, 2004 discharge as the only issue Plaintiff wanted to bring to the agency’s attention. Plaintiff did not check the box indicating that it was a continuing action and the text makes no mention of a hostile work environment. Since this is the document that was forwarded to Verizon for a response, it would be prejudicial to the employer to compel it to respond to claims not contained therein.
Report and Recommendation at 23 (internal citation omitted). Barzanty then filed an Objection to the Magistrate Judge’s report, contending Verizon had waived its ability to object to her hostile work environment claim. The District Court issued a Memorandum Order on December 6, 2007, adopting in full the Magistrate Judge’s recommendations.
Barzanty filed a timely Notice of Appeal, alleging only that the District Court erred in dismissing her hostile work environment claim for failure to exhaust administrative remedies. This appeal follows.[3]
II.
A.
Barzanty contends she exhausted her administrative remedies before filing this suit. A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. Id. §§ 2000e-5(b), (e)(1), (f)(1). The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. Burgh v. Borough Council, 251 F.3d 465, 470 (3d Cir.2001). The ensuing suit is *414 limited to claims that are within the scope of the initial administrative charge. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir.1996). “The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.” Id
After a charge is filed, “the scope of a resulting private civil action in the district court is ‘defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination ....’” Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir.1978) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir.1976)); see also Antol, 82 F.3d at 1295; Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984). Although this standard does not necessarily preclude a plaintiff from asserting a claim for the mere failure to check a box on an EEOC Charge Form, it does prevent a plaintiff from “greatly expanding] an investigation simply by alleging new and different facts when [s]he [is] contacted by the Commission following [her] charge.” Hicks, 572 F.2d at 967. Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it. See 42 U.S.C. §§ 2000e-5(b), (e)(1).
Interpreting Barzanty’s EEOC charge liberally, her hostile work environment claim was still not within the scope of the charge. In Anjelino v. New York Times Co., 200 F.3d 73, 94-95 (3d Cir.1999), we held a hostile work environment claim was within the scope of an initial EEOC charge because it alleged the plaintiff was subjected to an “abusive atmosphere,” a phrase which is interchangeable with “hostile work environment.” But there is no analogous language in Barzanty’s EEOC charge which could give rise to a hostile work environment claim. The Form 5 Charge of Discrimination identified only an allegation of gender discrimination relating to Barzanty’s discharge on December 21, 2004. Barzanty provided no facts that suggest a hostile work environment, and she did not check the box indicating her charge was a “continuing action.”
Barzanty cites Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208 (3d Cir.1984), to support her argument. In Howze, we held that the plaintiff could amend her complaint to include a retaliation claim. Id at 1212. Her initial EEOC charge alleged only race discrimination based on her employer’s failure to promote her to a position for which she was qualified. Id at 1210. Because a reasonable investigation by the EEOC would have encompassed a retaliation charge, we allowed the plaintiff leave to amend. Id at 1212. The discrimination and retaliation claims were alternative allegations regarding the employer’s failure to promote the plaintiff, and the facts supporting the former allegation were the same as those supporting the latter. Id Here, however, Barzanty’s two claims related to separate occurrences. Although her former supervisor, Mr. Nemetz, was allegedly involved in both incidents, the gender discrimination claim involved the discrete act of Verizon’s termination of Barzanty’s employment, while the hostile work environment allegation involved continuing occurrences unrelated to her discharge.[4] Accordingly, Howze does not support Barzanty’s appeal.
*415 As additional support for Barzanty’s argument that she exhausted her administrative remedies, she attempts to use her answers to the EEOC Intake Questionnaire in which she alleged a “hostile work situation.” This she cannot do. The EEOC Charge Form and the Intake Questionnaire serve different purposes. An Intake Questionnaire facilitates “pre-charge filing counseling” and allows the Commission to determine whether it has jurisdiction to pursue a charge. Federal Express Corp. v. Holowecki, 552 U.S. 389, 128 S.Ct. 1147, 1159, 170 L.Ed.2d 10 (2008).[5] Moreover, the Intake Questionnaire is not shared with the employer during the pen-dency of the EEOC investigation. On the other hand, an EEOC Charge Form serves to define the scope of the Commission’s investigation and to notify the defendant of the charges against it. See 42 U.S.C. § 2000e-5(b) (requiring the Commission to serve notice of the charge on the employer against whom it is made within ten days, and to conduct an investigation); Occidental Life Ins. Co. of Cal. v. EEOC, 432 U.S. 355, 359-60, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (stating the same). A plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to the charge itself. Not only would this be circumventing the role of the Commission, but it would be prejudicial to the employer.[6] See, e.g., Park v. Howard Univ., 71 F.3d 904, 909 (D.C.Cir.1995) (“To treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant ....” (quoting Early v. Bankers Life and Cas. Co., 959 F.2d 75, 80 (7th Cir.1992))); Binder v. PPL Servs. Corp., No. 06-CV-2977, 2009 WL 3738569, at *6 (E.D.Pa. Nov.5, 2009); Rajoppe v. GMAC Corp. Holding Corp., No. 05-2097, 2007 WL 846671, at *7 (E.D.Pa. Mar.19, 2007); Johnson v. Chase Home Fin., 309 F.Supp.2d 667, 672 (E.D.Pa.2004).
For these reasons, Barzanty’s hostile work environment claim is outside the scope of her charge of discrimination.
B.
Barzanty also argues Verizon waived its administrative exhaustion defense to her hostile work environment claim because it failed to file a motion to dismiss under Federal Rule of Civil Procedure 12(b). A party waives a defense only if it fails to raise it by motion and does not include it in a responsive pleading. Fed. R.Civ.P. 12(h). Verizon properly asserted an affirmative defense for Barzanty’s failure to comply with the statutory prerequi *416 sites of her action. Following the close of discovery, Verizon moved for summary judgment on this basis, which the District Court subsequently granted. Accordingly, Verizon did not waive its objection for failure to exhaust administrative remedies.
III.
For the foregoing reasons, we will affirm the judgment of the District Court.

. The Magistrate Judge’s Report and Recommendation stated Barzanty was employed by Verizon from 1974 to 1981, and from 1993 to her discharge. We use the dates in Barzanty's EEOC Charge of Discrimination Form.

. She also filed a grievance through her union, claiming her discharge violated the parties' collective bargaining agreement. This issue went to arbitration, and the arbitrator reduced the discharge to a six-month suspension. Barzanty was reinstated as an employee of Verizon with back pay in August 2007.

. The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court’s decision granting summary judgment. See Prowel v. Wise Bus. Forms, Inc., 579 F.3d 285, 286 (3d Cir.2009). Summary judgment should be granted “if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). In making this determination, we consider the evidence in a light most favorable to the non-moving party. Prowel, 579 F.3d at 286.

. Multiple cases applying Howze have made this distinction. See, e.g., Valdes v. New Jersey, No. Civ. 05-3510(GEB), 2005 WL 3447618, at *4 (D.NJ. Dec.15, 2005) (dismissing a hostile work environment claim because the EEOC charge alleged only retaliation and the claims were not "reasonably related”); Smith-Cook v. Nat'l R.R. Passenger Corp. (AMTRAK), No. 05-00880, 2005 WL 3021101, at *4 (E.D.Pa. Nov.10, 2005) (dismissing claims *415 of retaliation and an ongoing policy of discrimination because plaintiff's charge referred only to "discrete, isolated incidents of discrimination ... as opposed to allegations of a company wide practice of discrimination"); Pad v. Rollins Leasing Corp., No. 96-295-SLR, 1997 WL 811553, at *6 (D.Del. Dec. 18, 1997) (allowing the plaintiff's gender discrimination claim to proceed because the facts supporting his “charge of retaliation are the same as those supporting the complaint's claim of gender discrimination”).

. Although the questionnaire in Holowecki was different from Barzanty's questionnaire, the general purpose for using each one was the same.

. Barzanty argues that because Verizon requested her EEOC file, including the Intake Questionnaire, denied the allegations of a hostile work environment in its answer, and questioned her during her deposition on the allegations of a hostile work environment, Verizon would not be prejudiced by allowing her to proceed on this claim. Although Verizon may not be unduly prejudiced in this case, Barzanty still cannot circumvent the aforementioned administrative exhaustion requirements. See Anjelino, 200 F.3d at 93 ("The preliminary step of the filing of the EEOC charge and the receipt of the right to sue notification are 'essential parts of the statutory plan (quoting Ostapowicz, 541 F.2d at 398)).