**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3364
_____

HANS C. EHNERT,
                                                        Appellant

v.

WASHINGTON PENN PLASTIC CO., INC.; STAFFMARK
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-01139)
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2019
Before:  GREENAWAY, Jr., RESTREPO, and FUENTES, Circuit Judges

(Opinion filed: June 10, 2020)
_____

OPINION*
_____

PER CURIAM

Hans C. Ehnert appeals the District Court's order granting summary judgment in

favor of his former employer on Ehnert's claims of disability discrimination under the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA). For the following reasons, we will affirm.[1]

Ehnert was given a work placement at Washington Penn Plastic Co., Inc. (WPP) by Staffmark, a staffing company, on April 23, 2012. Ehnert's assignment as a general laborer with WPP was temporary; however, it was understood that Ehnert would be considered for hire as a WPP employee. While Ehnert worked at WPP, he suffered from a variety of medical conditions, but never requested any accommodations of WPP. On May 23, 2012—the last day of his work placement—Ehnert was informed by Staffmark that he would not be hired by WPP.

On July 3, 2012, Ehnert contacted the Social Security Administration (SSA), and completed an application for social security disability insurance (SSDI) benefits. In the application, Ehnert represented that he had been unable to work due to a "disabling condition" since May 21, 2012—two days before his temporary assignment with WPP ended. Dkt. #49-4. After an initial denial, an Administrative Law Judge (ALJ) for the SSA ultimately granted Ehnert's request for benefits. Based on representations made by

---

[1] Also pending before us are several motions, two of which seek to seal Appellee's unredacted brief and volume III of its supplemental appendix out of concern for the discussion of Ehnert's health and medical information. We agree that Ehnert's health and medical information should remain private and is a sufficient basis for sealing; thus, we grant both motions to seal Appellee's unredacted brief and volume III of its supplemental appendix. See 3d Cir. L.A.R. 106.1; United States v. Kravetz, 706 F.3d 47, 63 (1st Cir. 2013) (noting litigants generally have an interest in the privacy of their medical information).

Ehnert during the process involved in trying to receive SSDI benefits, the ALJ found Ehnert to be disabled beginning May 21, 2012.[2] The ALJ found that Ehnert was "unable to perform any past relevant work" and concluded that "there are no jobs that exist in significant numbers in the national economy that [Ehnert] can perform." Dkt. #49-7 at 11.

Subsequently, Ehnert filed a complaint in the District Court against WPP and Staffmark, alleging discrimination on the basis of disability and age, in violation of the ADA, PHRA, and the Age Discrimination in Employment Act (ADEA).[3] WPP moved for summary judgment and the matter was referred to a Magistrate Judge who issued a Report and Recommendation (R&R). The Magistrate Judge determined that Ehnert was unable to establish a prima facie case of discrimination because a necessary element was lacking for his ADA and PHRA claims; namely, that he was otherwise qualified to perform the essential functions of the job as of the date WPP informed him that he would not be hired (May 23, 2012).[4] Since Ehnert had previously represented to the SSA that—

---

[2] The SSA established a five-step procedure in order to evaluate whether an individual is disabled for purposes of receiving SSDI. See 20 C.F.R. § 404.1520; see also Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999) (outlining the questions asked in the five-step procedure). Relevant here, Ehnert represented to the ALJ that he was "unable to perform his past relevant work or any other type of work" and "[e]ven sedentary work would be impossible for [him] due to [his disabilities]." Dkt. #49-9 at 7.

[3] The ADEA claim was dismissed via stipulation in the District Court. Staffmark was also dismissed as a party via the same stipulation, and is not a party to this appeal.

[4] "A plaintiff presents a prima facie case of discrimination under the ADA by demonstrating: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise

3

beginning on May 21, 2012—he was *unable* to perform his past relevant work in order to obtain SSDI benefits, the Magistrate Judge concluded that Ehnert could not ignore that previous representation and now claim that he *had been able* to work at that time for purposes of his ADA claim. In reaching that conclusion, the Magistrate Judge applied the framework set forth in Cleveland—which addressed the estoppel effect of SSDI benefits on a claim under the ADA—and on our decisions applying the Cleveland framework to analogous claims. See Cleveland, 526 U.S. at 806 (holding an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of earlier representations made for a SSDI total disability claim, but must proffer a sufficient explanation that reconciles the inconsistent statements); Detz v. Greiner Indus., Inc., 346 F.3d 109, 118–21 (3d Cir. 2003) (applying the Cleveland framework). The District Court adopted the R&R and granted WPP's motion for summary judgment. Ehnert timely appealed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and

---

adverse employment decision as a result of discrimination." Gaul v. Lucent Techs. Inc., 134 F.3d 576, 580 (3d Cir. 1998).

4

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). "Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial.'" Cleveland, 526 U.S. at 805–06 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The dispositive issue before us is whether Ehnert's statements regarding his disability for SSDI purposes should preclude his subsequent claim that, for the purposes of the ADA and the PHRA, he was "qualified" for his position at WPP and can thus pursue his discrimination action under the ADA and PHRA.[5] The Magistrate Judge reasoned, and the District Court agreed, that Ehnert's case was analogous to the situation presented to this Court in Detz, and concluded that Ehnert failed to advance a reasonable explanation that reconciles his two positions. We agree.

"An ADA plaintiff bears the burden of proving that [he] is a 'qualified individual

---

[5] Ehnert suggests in his brief on appeal that the Magistrate Judge did not allow for sufficient discovery in his case. Our review of the docket reveals the opposite, as Ehnert's motion to extend the time for discovery was granted, as was part of a motion to compel discovery requests. To the extent the Magistrate Judge denied Ehnert's motion to allow for more interrogatories and partially denied his motion to compel discovery requests, we find no abuse of discretion in those decisions. See Anjelino v. New York Times Co., 200 F.3d 73, 88 (3d Cir. 1999) (noting we review a Magistrate Judge's decision denying discovery for abuse of discretion); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1213 (3d Cir. 1984) ("[Q]uestions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court.").

with a disability'—that is, a person 'who, with or without reasonable accommodation, can perform the essential functions' of [his] job." Cleveland, 526 U.S. at 806 (quoting 42 U.S.C. § 12111(8)). However, a plaintiff's prior sworn assertion in an application for SSDI benefits that he is, for example, "'unable to work' will appear to negate an essential element" of his ADA case. See id.; Gaul, 134 F.3d at 580. When presented with such a situation, the first question we must ask is whether the representations advanced by that plaintiff in his SSDI application and his ADA claim genuinely conflict. See Detz, 346 F.3d at 118. If we find that the representations are "patently inconsistent," we proceed to the second question under Cleveland: whether the plaintiff has adequately reconciled the two positions. Id. at 120.

On appeal, Ehnert attempts to challenge the determination that his representations conflict by arguing that, at least initially, he represented to the SSA that he could not work because he was being discriminated against.[6] Appellant's Br. 5–6, 10–11. To the extent that he argues that his representations do not genuinely conflict, we disagree. As noted above, Ehnert represented to the SSA that he was incapable of performing any

---

[6] He maintains that two exhibits he attached to his brief support this contention; however, Ehnert concedes that these documents were not before the Magistrate Judge in opposition to the Defendant's motion for summary judgment. See Appellant's Br. 9. They were submitted as exhibits to Ehnert's objections to the Report and Recommendation, and were therefore before the District Judge. Even though these documents suggest that Ehnert apparently mentioned his concern about discrimination to the SSA, that information does not change the fact that SSDI disability determinations are based only upon an individual's inability to work due to a disability.

work beginning May 21, 2012, which "crashes face first against" his current representation that—in fact—he *had been able* to work at that time for purposes of his current discrimination claims. See Detz, 346 F.3d at 120. Thus, we agree with the determination that Ehnert's representations are "patently inconsistent." See id.

With regard to reconciling his conflicting representations, Ehnert argues that Cleveland supports his contention that his SSDI claim and ADA claim can both coexist. See Appellant's Br. 15; see also Cleveland, 562 U.S. at 803–06 (explaining situations where a claim of SSDI disability may not preclude an ADA action). He notes that "reasonable accommodations are not considered" by the SSA when making its decision—pointing to the difference in the two statutory schemes. Appellant's Br. 6. While true, this argument ignores the fact that he still must proffer a sufficient explanation for the apparent contradiction between his two claims—"simply averring that the statutory schemes differ is not enough to survive summary judgment in light of Cleveland." Motley v. N.J. State Police, 196 F.3d 160, 166 (3d Cir. 1999). Upon our review of what was presented below, we are satisfied with the determination that Ehnert failed to adequately reconcile his two apparently contradictory positions.

Accordingly, we will affirm the District Court's judgment. As noted in the margin above, we grant WPP's motions to seal its brief and volume III of its supplemental appendix.[7] We deny WPP's motion to strike portions of Ehnert's appendix and permit

---

[7] WPP has filed a redacted brief which is, and should remain, available to the public.

7

the appeal to proceed on the original record, and we grant Ehnert's motion to file his Reply Brief out of time.