NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2969
_____


RUDOLPH B. TYLER, JR.,
                              Appellant

v.

DIAMOND STATE PORT CORPORATION, a Delaware Corporation

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Civ. Action No. 1-18-cv-00195)
District Judge: Honorable Maryellen Noreika
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2020
_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, *Circuit Judges*.

(Opinion Filed: August 19, 2020)

_____

OPINION*
_____


GREENAWAY, JR., *Circuit Judge*.

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

This case involves a district court's efforts to manage its docket and keep cases moving through the judicial system when faced with recalcitrant counsel. For the reasons set forth below, we will affirm the District Court's decisions denying counsel's request for a stay of the proceedings and for an extension of time to respond to the motion for summary judgment.

## I. PROCEDURAL BACKGROUND

Rudolph Tyler Jr. ("Tyler") appeals the District Court's order denying his motion to stay proceedings[1] and granting Diamond State Port Corporation's ("DSPC") motion for summary judgment.[2] Since this appeal only involves the procedural aspects of the

---

[1] Although Tyler captioned his motion as a motion to stay and then asked that the proceedings be stayed, he was, in effect, requesting that discovery be reopened and that the scheduling order be revised accordingly. This request came several months after discovery had closed and did not point to any specific information Tyler sought through this additional discovery. We review decisions concerning motions to stay and motions for extensions of time under the same abuse of discretion standard. *Young v. Martin*, 801 F.3d 172, 182 (3d Cir. 2015) ("We review for abuse of discretion the District Court's denial of [plaintiff's] motion to stay . . . ."); *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) ("The power to stay is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication. Absent an abuse of discretion, a district court's decision in this regard will not be overturned." (citation omitted)); *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010) ("[W]e accord district courts great deference with regard to matters of case management" and review those decisions for abuse of discretion.); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984) ("[Q]uestions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court."). Therefore, our analysis is not impacted by the parties' characterization of the motion.

[2] Tyler raised no arguments in his opening brief with respect to the substance of the summary judgment decision. The Third Circuit has "long recognized . . . that an appellant's opening brief must set forth and address each argument the appellant wishes

case, we need not discuss the facts underlying the dispute between the parties.

The case commenced on February 2, 2018, when Tyler filed his initial complaint alleging that DSPC discriminated against him during his employment. The parties agreed to a proposed scheduling order, which was adopted, with some minor additions, by the District Court on April 25, 2018. Among other deadlines, the scheduling order allowed for submission of amended pleadings by April 30, 2018, directed that all discovery be completed on or before January 31, 2019, and required that dispositive motions be filed by March 26, 2019. Pursuant to the scheduling order, Tyler filed an amended complaint on April 30, 2018.[3]

On August 9, 2018, DSPC submitted its discovery requests. Tyler submitted no discovery requests. Further, as of January 31, 2019, he had not responded to DSPC's

---

to pursue in an appeal." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017). Moreover, this Circuit has "consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing." *Id.* In his opening brief, Tyler only posits the following two sentences in regard to the summary judgment decision:

> Even if the Court was unwilling to allow some limited discovery, additional time to submit a brief would have allowed Plaintiff to identify the disputed facts through the information collected at the administrative stage of the Title VII case and through the affidavits Plaintiff is authorized to submit with a brief. Summary judgment should only be granted if "there is no genuine dispute as to any material fact". Fed. R. Civ. P. 56(a).

Appellant Br. 13. We therefore will not consider this inadequate argument and will not address the merits of the summary judgment decision.

[3] The amended complaint adds allegations of defamation and breach of the covenant of good faith and fair dealing.

discovery requests despite numerous requests from DSPC's counsel.  Faced with this lack of response, DSPC sought guidance from the District Court.  On January 31, 2019, the District Court ordered Tyler to respond to the discovery requests by February 4, 2019.  Tyler failed to do so, prompting the District Court to enter a second order compelling production on or before February 7, 2019.  Finally, Tyler responded to the interrogatory and document production requests on February 8, 2019.

Pursuant to the scheduling order, DSPC moved for summary judgment on March 26, 2019, seeking judgment as to all of Tyler's claims.  On April 12, 2019, the District Court ordered Tyler to file a response to this motion since Tyler had failed to do so.  On April 16, 2019, instead of filing an answering brief as ordered by the District Court, Tyler filed a Motion to Stay Proceedings consisting of three sentences, citing only to "the interest of justice" and "the reasons presented in the redacted attachment" as the explanation for the request for additional time for discovery.  App. 101.  Tyler's motion did not cite any specific facts that were unavailable to him that would warrant the reopening of discovery.  *See* Fed. R. Civ. P. 56(d).  The next day, Tyler's counsel submitted medical records[4] indicating counsel had an elevated blood sugar level and heightened A1c levels.  However, counsel provided no information from his doctor explaining these test results.  The tests occurred on September 18, 2018 and April 12, 2019.

---

[4]  These records were the unredacted version of the exhibit attached to the motion and were filed sua sponte by Tyler's counsel.

The District Court denied the motion on May 13, 2019, and ordered Tyler to respond to the motion for summary judgment by May 31, 2019.  Tyler sought an extension of time to file his response, which the District Court granted in part, extending the due date to June 10, 2019.  The District Court denied Tyler's second motion for an extension of time.  Tyler never filed a response to the motion for summary judgment.  On July 26, 2019, the District Court granted DSPC's motion for summary judgment.

## II. JURISDICTION

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and exercised supplemental jurisdiction over Tyler's state-law claims, pursuant to 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III. STANDARD OF REVIEW

We review the District Court's denial of a motion to stay for an abuse of discretion.  *Young*, 801 F.3d at 182; *Breyer*, 41 F.3d at 893.

# IV. DISCUSSION

We cannot say that the District Court abused its discretion here. The District Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When determining whether to grant or deny a motion to stay, a district court must exercise judgment by "weigh[ing] competing interests and maintain[ing] an even balance." *Landis*, 299 U.S. at 255. In addition, "[i]t is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075–76 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 255).

The District Court engaged in a thoughtful analysis of the situation and held that granting the motion to stay would have caused undue prejudice to DSPC and complicated the issues for trial. Specifically, key witnesses were no longer employed by DSPC, memories of the dispute had faded due to the passage of time, and reopening discovery would have required the trial date to be reset and voided DSPC's existing motion for summary judgment. Additionally, Tyler's counsel did not mention any issues about his health until the late stages of the litigation, and even when he did eventually raise the issue, he did not specify what exactly was wrong, nor did he articulate the impact his medical condition had on his ability to participate in litigating this case or to meet the

deadlines mandated by the District Court. While sympathetic to counsel's health issues, the District Court discussed the relevant rules of professional conduct regarding continuity of representations in the event of disability and noted that Tyler's counsel should have had a plan in place in case he became disabled.

On appeal, Tyler offers no reason for us to disturb the District Court's decision. His argument consists of one sentence: "[i]n the exercise of discretion, there was nothing about the timetable and nature of [the] case that precluded the Court from addressing the objectively high A1c blood sugar level scores that were provided to the Court." Appellant Br. 13. Contrary to Tyler's assertion, the District Court identified specific issues with the timetable and the nature of the case. In addition, the District Court addressed counsel's medical problems, as well as counsel's responsibility to have a plan in place in case of disability.

The District Court balanced the hardships to the parties, and Tyler provides no explanation to the contrary. We, therefore, find that the District Court acted within its discretion to deny the motion to stay.[5]

---

[5] Since this same reasoning applies to motions for extensions of time, we also find that, to the extent the motion could be construed as a motion for an extension of time, the District Court acted within its discretion in denying the motion. *See Drippe*, 604 F.3d at 783; *Howze*, 750 F.2d at 1212–13.

## V. Conclusion

For the foregoing reasons, we will affirm the District Court's decision.